

**FILED & ENTERED**

**OCT 05 2018**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY sumlin    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>Philip James Layfield,<br><br><br><br>Debtor(s) | Case No.:   2:18-bk-15829-NB<br><br>Chapter:   7<br><br>**ORDER SETTING A HEARING ON ALLEGED DEBTOR PHILIP J. LAYFIELD'S MOTION FOR PROTECTIVE ORDER ETC.**<br><br>Hearing Date:<br>Date:   October 24, 2018<br>Hour:   10:00 a.m.<br>Place:  Courtroom 1545<br>           255 E. Temple Street<br>           Los Angeles, CA 90012 |

On October 4, 2018, Philip J. Layfield ("Mr. Layfield") filed his "Motion For Protective Order Regarding Interference With Debtors [sic] Exemption Property And Deposition Of Philip Layfield; Request For Sanctions For Violations Of Bankruptcy Rules In The Amount Of $20,000 Request" (dkt. 54, the "Motion for Protective Order"). This Court will hold only a <u>preliminary</u> hearing on the motion, at the time and place set forth above, because of various deficiencies in the Motion for Protective Order that appear to preclude any <u>full</u> hearing on the merits, as set forth below.

First, Mr. Layfield's Motion for Protective Order was not timely filed and served. Per LBR 9013-1(d)(2)[1], the notice of motion and motion must be filed and served no later than 21 days before the hearing date designated, plus three days for service by mail. October 3, 2018 was 21 days before the hearing. The Motion for Protective Order was not filed and served until October 4, 2018.

Second, Mr. Layfield purported to self-calendar the Motion for Protective Order. The posted procedures for self-calendaring before the undersigned bankruptcy judge, available at www.cacb.uscourts.gov, provide that self-calendaring is only available on specified days, and is not available if the matter will exceed 15 minutes. The selected date was not one of the specified days, and as this matter can be expected to take at least 15 minutes, it may not be self-calendared.

Third, the proof of service of the motion (dkt. 54, penultimate page) is signed by Mr. Layfield, and the tentative ruling is that this is insufficient because, as stated in the form itself, the person verifying service cannot be a party to the proceeding, and Mr. Layfield is the moving party.

Fourth, the Motion for Protective Order includes pages allegations with few citations to supporting evidence, and although Mr. Layfield has filed his own supporting declaration (dkt. 55), it suffers from the same defect.

In sum, the Motion for Protective Order appears to be both procedurally and substantively deficient. The foregoing is not intended as a complete list of the deficiencies in the Motion for Protective Order. These issues are enough, however, to call into question whether this Court can and should hear the Motion for Protective Order.

This Court previously has cautioned Mr. Layfield that he must comply with the applicable rules and procedures, and that continued failure to do so may result in denial of his requested relief and/or other consequences. Although this Court has considered

---

[1] Unless the context suggests otherwise, a "chapter" or "section" ("§") refers to the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. (the "Code"), a "Rule" means the Federal Rules of Bankruptcy Procedure or other federal or local rule, and other terms have the meanings provided in the Code, Rules, and the parties' filed papers.

whether to deny the Motion for Protective Order without a hearing, this Court has determined that it might be more productive and efficient for all parties to hold a preliminary hearing, with other parties in interest being invited but not required to file any responses or partial responses, without prejudice to filing additional papers if this Court is persuaded to set a briefing schedule and set a continued hearing.

This Court has specially set a series of hearings on other matters in this case and related case for the time and place set forth in the caption. It appears appropriate to set the Motion for Protective Order for a preliminary hearing at the same date and time as those matters.

For the foregoing reasons, it is hereby ORDERED as follows:

1. The Motion for Protective Order is set for a preliminary hearing at the time place captioned above.

2. Other parties in interest are invited but not required to file any responses or partial responses no later than **October 15, 2018**, without prejudice to filing additional papers if this Court is persuaded to set a briefing schedule and set a continued hearing on the Motion for Protective Order.

//

3. If any responses are filed, Mr. Layfield may file a reply no later than **October 19, 2018**. Mr. Layfield is directed <u>not</u> to file any other papers related to the Motion for Protective Order unless and until this Court sets a schedule for further briefing. If this Court is not so persuaded, this Court may deny the Motion for Protective Order without any further hearing.

###

Date: October 5, 2018

Neil W. Bason
United States Bankruptcy Judge