**WEILAND GOLDEN GOODRICH LLP**
Jeffrey I. Golden, State Bar No. 133040
jgolden@wgfllp.com
Faye Rasch, State Bar No. 253838
frasch@wgllp.com
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Attorneys for Creditor, Wellgen Standard, LLC

FILED & ENTERED

OCT 09 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY sumlin    DEPUTY CLERK

CHANGES MADE BY COURT

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>PHILIP JAMES LAYFIELD,<br><br>Debtor. | Case No. 2:18-15829-NB<br><br>Chapter 7<br><br>**ORDER ON PHLIP LAYFIELD'S SPECIAL APPEARANCE FOR THE LIMITED PURPOSE OF OBJECTING TO THE EMPLOYMENT OF JEFFREY GOLDEN'S LAW FIRM AND THE APPOINTMENT OF AN INTERIM TRUSTEE**<br><br>DATE:    September 18, 2018<br>TIME:    2:00 p.m.<br>CTRM:    1545 |

On September 18, 2018, at 2:00 p.m., in Courtroom 1545 of the United States Bankruptcy Court located at 255 East Temple Street, Los Angeles, CA 90012, the Special Appearance for the Limited Purpose of Objecting to the Employment of Jeffrey Golden's Law Firm and the Appointment of an Interim Trustee (the "Special Appearance") came on for hearing. Appearances were as noted on the record. <u>This written order memorializes this Court's oral rulings at the hearing.</u>

1170391.1

ORDER

Having considered the Special Appearance and all papers filed in support and in opposition thereto and for the reasons set forth in the Court's tentative ruling attached hereto as Exhibit "A," and good cause appearing therefor,

IT IS ORDERED:

To the extent Philip Layfield is attempting to <u>object to</u> (a) the appointment of an Interim Trustee generally or Mr. Avery as such Interim Trustee in particular, or (b) the Interim Trustee's application to employ Weiland Golden Goodrich LLP, the hearing on the Special Appearance is continued to October 24, 2018, at 10:00 a.m. with the following scheduling:

1. Objections, if any, shall be filed and served by Mr. Layfield no later than October 3, 2018;

2. Any response by the Interim Trustee or Weiland Golden Goodrich LLP to the objection shall be filed and served not later than October 10, 2018; and

3. Any reply to the response to the objection shall be filed and served no later than October 17, 2018.

###

Date: October 9, 2018

Neil W. Bason
United States Bankruptcy Judge

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

**Tuesday, September 18, 2018**                                          **Hearing Room    1545**

2:00 PM
**2:17-19548    Layfield & Barrett, APC**                                                  **Chapter 11**

    #1.00    Hrg re: Claimant Philip J. Layfield's Ex Parte Motion to
Set Status Conference to Establish Protocol for Resolving
Open Issues, Set Briefing Schedules and to Stay All Other
Proceedings, Payments and Final Orders Pending Resolution
of Critical Issues

                      Docket     323

**Tentative Ruling:**

    <u>Appearances required</u>.  To the extent that this Court has tentative rulings, they are set forth below.  The parties should be prepared to address the following issues:

    (1) <u>Status conferences in the interrelated bankruptcy cases</u>.  Various bankruptcy cases before this Court are interrelated: (a) *In re Layfield & Barrett, APC,* Case No. 2:17-bk-19548-NB ("L&B"); (b) *In re Layfield,* Case No. 2:18-bk-15829-NB ("Lay-Invol."), (c) *In re Maximum Legal (Cal.), LLP,* Case No. 2:17-bk-18433-NB ("Max-CA").  As a matter of calendar management, this Court will hold <u>general</u> status conferences in all of those cases concurrent with the status conferences on <u>specific</u> matters that have been self-calendared or specially set for today (9/18/18 at 2:00 p.m.).

    (2) <u>L&B case: Status Conference on Mr. Layfield's Ex Parte Motion to stay proceedings etc. (L&B dkt. 325) (the "Ex Parte Motion")</u>.  This Court issued an order (L&B dkt. 325) denying Mr. Layfield's Ex Parte Motion to the extent (if any) that it sought immediate relief (*e.g.,* excusing Mr. Layfiled or others from the bar date; staying all matters involving him or others; converting the L&B case to chapter 7; etc.).  This Court also set this status conference on Mr. Layfield's Ex Parte Motion.  Wellgen filed a response (L&B dkt. 332).
        The tentative ruling is that this Court should not take any action at this time.  Rather, Mr. Layfield must follow the applicable statutes and rules and file separate motions and/or adversary proceedings for each type of relief that he seeks in his Ex Parte Motion, instead of combining multiple requests in a single document that does not include points and authorities, includes numerous assertions that are not supported by admissible evidence, and

# United States Bankruptcy Court
# Central District of California
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

**Tuesday, September 18, 2018**  **Hearing Room**  **1545**

2:00 PM
**CONT...    Layfield & Barrett, APC**  **Chapter 11**
does not otherwise comply with the applicable statutes and rules.

For example, Mr. Layfield would need to file and serve a motion to convert the L&B case to chapter 7, and a <u>separate</u> motion to consolidate the L&B case with the Max-CA case.  <u>Each</u> of those documents would need to be supported by appropriate points and authorities, declarations, etc.

Although Mr. Layfield requests that this Court establish briefing schedules on the foregoing and other matters, that appears to be premature or unnecessary.  The Local Bankruptcy Rules ("LBR") and the self-calendaring procedures (available at www.cacb.uscourts.gov) establish briefing and hearing schedules for typical motions, and there is no showing that special procedures are necessary or appropriate at this stage.

Mr. Layfield (and all other parties in interest) are reminded that they must comply with the Posted Procedures of Judge Bason (available at www.cacb.uscourts.gov).  In addition, they may wish to familiarize themselves with this Court's earlier rulings in these various proceedings.  *See, e.g.,* L&B dkt. 288 (order denying Mr. Barrett's motion to stay proceedings).

Nothing in the preceding paragraphs should be interpreted as expressing any opinion about whether Mr. Layfield does or does not have standing or have grounds to seek any of the relief he mentions.  For example, both standing and grounds for relief are unclear with respect to Mr. Layfield's request to establish that "all unpaid client claims and unpaid liens relating to client claims must be given priority over any secured creditors or Trustee compensation."

First, this Court is not certain what Mr. Layfield means.  Second, it is unclear whether Mr. Layfield has standing to seek a determination of priority of L&B's client's claims over secured creditors' claims or any administrative expenses - presumably that is an issue between those parties.  Third, assuming for purposes of discussion that Mr. Layfield is seeking some sort of declaratory judgment that he has an attorney lien with priority over the lien held by Welgen Standard, LLC (as successor to Advocate Capital, Inc.) ("Wellgen"), it is unclear whether he has any standing to assert an attorney lien (which might belong to L&B rather than Mr. Layfield) or any grounds for such relief (*e.g.,* does he assert an attorney lien by operation of nonbankruptcy law, or contract, or on some other ground?).  Fourth, it would be premature to set a briefing schedules before he has filed any adversary proceeding and motion(s) or claim objections or whatever other papers may be necessary or appropriate, complete with points and authorities, supported

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
**Judge Neil Bason, Presiding**
Courtroom 1545 Calendar

**Tuesday, September 18, 2018**                                                                 **Hearing Room**    **1545**

2:00 PM
**CONT...        Layfield & Barrett, APC                                                                    Chapter 11**
by admissible evidence.
    In sum, the tentative ruling to DENY Mr. Layfield's Ex Parte Motion, without prejudice to any properly presented requests for the relief that he appears to seek.  The tentative ruling is to direct Wellgen's counsel to prepare an order denying Mr. Layfield's Ex Parte Motion for the reasons stated in this tentative ruling (as they may be augmented or modified at the hearing).

    (3) Lay-Invol. case: status conference on Mr. Layfield's "Special Appearance For The Limited Purpose Of Objecting To The Employment Of Jeffrey Golden's Law Firm And The Appointment Of An Interim Trustee" (Lay-Invol. dkt. 37, the "Special Appearance").  Mr. Layfield appears to be attempting to combine at least three separate matters in a single document: (a) limiting his appearance in some way (although it is unclear whether he can limit his appearance and also request the other relief he seeks); (b) challenging the appointment of an interim chapter 7 trustee (the "Interim Trustee") and/or objecting to the selection of Mr. Avery as such Interim Trustee (*see* Lay-Invol. dkt. 13, order) (it is unclear what relief Mr. Layfield actually seeks); and (c) objecting to the pending application (Lay-Invol. dkt. 30) by the Interim Trustee to employ Weiland Golden Goodrich LLP (Mr. Golden's law firm) (the "Weiland Golden" firm).  As with other matters, he has not included points and authorities, he makes numerous allegations that are not supported by admissible evidence, and he has not followed proper procedures.
    Due to these deficiencies the tentative ruling is to deny Mr. Layfield's request to set these matters (and others) for hearing on October 23, 24, or 25.  *See* Lay-Invol. dkt. 37, p.3.  In addition, the tentative ruling is to deny his request for a stay of various proceedings pending resolution of these matters, for the same reasons why this Court denied his request for a similar stay in the L&B case.  *See* L&B dkt. 325.
    Nevertheless, the tentative ruling is to hold a status conference on Mr. Layfield's Special Appearance to address the following issues.  To the extent he is attempting to object (a) to the appointment of an Interim Trustee generally or Mr. Avery as such Interim Trustee in particular, or (b) to the Interim Trustee's application to employ the Weiland Golden firm, the parties should be prepared to address:
        (i) interim trustee: whether the objection to the appointment of any Interim Trustee is intended to be a request for reconsideration under Rule 9023 or 9024 (Fed. R. Bankr. P.) of this Court's order

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

**Tuesday, September 18, 2018**                                                                     **Hearing Room    1545**

2:00 PM
**CONT...**        **Layfield & Barrett, APC**                                                               **Chapter 11**

appointing Mr. Avery; and whether Mr. Layfield can meet the standards under those rules (or any other applicable rules or decisions), including whether Mr. Layfield was properly served and whether he has grounds to assert that there is not cause for appointment of an interim trustee at all (if that is his objection), or grounds to object to Mr. Avery as the Interim Trustee who was selected (if that is his objection); and

(ii) employment of law firm: whether this Court should, *sua sponte,* address the alleged conflict of interest in the Weiland Golden firm representing both the Chapter 7 Trustee (on matters not involving Wellgen) and Wellgen (*see* 11 U.S.C. 327(c)), or the alleged wrongdoing by that law firm (which it denies, *see* Lay-Invol. dkt. 37-5, Ex.I, Part V, at PDF pp. 59 *et seq.*), including whether this Court should set those issues for hearing; whether this Court should set a deadline for Mr. Layfield to file and serve points and authorities and any supporting evidence; and whether the United States Trustee should be requested to participate.

The tentative rulings on these issues are that, although Mr. Layfield's Special Appearance is inadequate to place the foregoing matters at issue, nevertheless the administration of these cases might be impeded unless this Court establishes a briefing schedule to obtain greater certainty, in view of Mr. Layfield's arguments, about who does or does not have authority to act for the bankruptcy estates. The tentative ruling is to give Mr. Layfield a deadline of **9/25/18** to file and serve his objections; a deadline of **10/2/18** for any response by the Interim Trustee or the Weiland Golden firm; a deadline of **10/9/18** for any reply; and a hearing date of **10/16/18 at 2:00 p.m.**, and to invite the U.S. Trustee to file papers by the same deadlines and appear at the hearing. The tentative ruling is to direct the Weiland Golden firm to prepare a proposed order memorializing those deadlines (with an attached copy of this tentative ruling, thereby adopting it as this Court's final ruling regarding those deadlines and the reasons for setting them).

(4) L&B case, Pachulski v. Layfield V, LLC and Philip Layfield (Adv. No. 2:18-ap-1050-NB) ("CondoAdv."), suggestion of bankruptcy (CondoAdv. dkt. 22), and related motions for relief from automatic stay (L&B dkt. 143, 144) (the "WF R/S Motions"). Mr. Layfield points out that the order granting the plaintiff's motion for a default judgment (CondoAdv. dkt. 18) and the judgment

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

Tuesday, September 18, 2018                                              Hearing Room    1545

2:00 PM
CONT...        Layfield & Barrett, APC                                                   Chapter 11
(CondoAdv. dkt. 17), were entered on 5/25/18, which is a few days after the involuntary bankruptcy petition was filed against him (LayInvol. dkt.1) on 5/21/18. This Court notes that the WF R/S Motions are scheduled for a continued hearing on 10/2/18 at 1:00 p.m.
    The parties should be prepared to address how this adversary proceeding should be prosecuted going forward, and whether they are seeking any procedural orders or other relief from this Court to aid in the diligent prosecution of this matter. The tentative ruling is, as a matter of *sua sponte* calendar management, to continue the WF R/S Motions to **10/16/18 at 2:00 p.m.**, to be heard concurrent with the other matters in these interrelated cases. The tentative ruling is to direct counsel for Wellgen to file a notice of that continued hearing and serve it no later than **9/21/18** via U.S. mail on Wells Fargo Bank, N.A. as well as the debtors, trustees, and other parties asserting any interest in the subject condominimum properties in the L&B, Lay-Invol., and Max-CA cases.

(5) Mr. Layfield's future filings. This Court has reviewed all of the papers filed by Mr. Layfield in the three interrelated cases and the adversary proceedings in those cases. Those papers are disorganized and exceptionally lengthy.
    This Court recognizes that Mr. Layfield may have been impeded by his recent incarceration and other changes in his life, but any litigant, particularly an attorney, must provide coherent arguments, points and authorities as needed, and admissible evidence on relevant factual issues. In future, this Court may strike papers that do not meet these minimum standards and comply with the applicable rules.

(6) Mr. Layfield's requests for electronic service. This Court is confused by Mr. Layfield's requests (L&B dkt. 333, p.2:21-23; Lay. dkt. 37, p.2) that he be granted some sort of special electronic ability to file or be served. Although Mr. Layfield claims that he is "unable to receive ECF notifcations," he does not explain why that is so.
    Attorneys can sign up for electronic filing and notices ("CM/ECF" and "NEF"). Even non-attorneys can gain access to the docket ("PACER"). All parties in interest can receive email service by filing a request for special notice and consent to such service (and, for debtors, there is the additional option of signing up for electronic notices via this Court's "DeBN" program - instructions are available at www.cacb.uscourts.gov). *See* Rule 5(b)(2)(E)&

# United States Bankruptcy Court
# Central District of California
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

**Tuesday, September 18, 2018**                                                              **Hearing Room**    **1545**

2:00 PM
**CONT...        Layfield & Barrett, APC                                                                     Chapter 11**
(F) (Fed. R. Civ. P.) (incorporated by Rules 7005 & 9014(b), Fed. R. Bankr. P.).
       To the extent that Mr. Layfield is requesting any relief that is not already available to him, this request is DENIED.

(7) L&B Case: Mr. Layfield's purported transfers of various claims to himself (dkt. 335-341) (the "Self-Transfers"). The parties should be prepared to address the Self-Transfers.

(8) Max-CA case. This Court notes that Mr. Barrett has filed a motion for relief from the automatic stay (Max-CA dkt. 108, the "Barrett R/S Motion"), set for hearing on 10/2/18 at 10:00 a.m., to assert counterclaims in one of the adversary proceedings in the L&B Case (Wellgen Standard, LLC v. Max. Legal (Cal.) LLP, Adv. No. 2:17-ap-01503-NB). Although this Court has considered *sua sponte* rescheduling the Barrett R/S Motion (to be heard concurrent with the 10/16/18 hearings tentatively set by this tentative ruling), it appears more efficient to leave the existing hearing as is.

(9) Mr. Layfield's address for service. This Court notes that Mr. Layfield has used variations of an address in Washington, D.C., as well as other addresses, in various documents filed recently. These multiple addresses seem prone to confusing and prejudicing parties in interest, including Mr. Layfield himself, because an address filed in one case or proceeding might or might not be used (or even known to parties) in a different case or proceeding, and because Mr. Layfield has asserted in the past that he has not been properly served.
       Accordingly, the tentative ruling is to issue an order directing Mr. Layfield, **no later than 9/24/18**, (a) to file in each of the three bankruptcy cases (L&B, Lay-Invol., and Max-CA) and in each adversary proceeding in which he has filed any papers or is named in any capacity, a notice designating a single address for U.S. mail or overnight delivery to be used in all of these cases and related proceedings, as well as a single email address, and a statement about whether he agrees to accept service via email, and (b) to serve that notice via U.S. mail on all parties in interest (the entire creditor matrix in all cases and adversary proceedings). If Mr. Layfield fails to do so, the tentative ruling is that this Court will interpret his failure to respond as an attempt to maintain a factual ambiguity about which address is appropriate,

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

Tuesday, September 18, 2018                                                                 Hearing Room    1545

2:00 PM
**CONT...        Layfield & Barrett, APC                                                        Chapter 11**
and this Court may issue an order selecting the address that appears to be the most recent and, possibly, establishing evidentiary presumptions about service or other matters.  The tentative ruling is to direct Wellgen to prepare a proposed order reflecting the foregoing, and to attach a copy of this tentative ruling, thereby adopting it as this Court's final ruling on the procedure for Mr. Layfield's address to be determined.

(10)  Joint Status Conference: In addition to the above, due to the interrelated nature of the L&B, Lay-Invol., and Max-CA cases, this Court finds it appropriate to conduct a joint status conference in each of these cases (2:17-bk-19548-NB; 2:18-bk-15829-NB; 2:17-bk-18433-NB) on 10/16/18 at 2:00 pm. This joint status conference will be used to address any concerns this Court or the parties address at this 9/18/18 hearing, and any other pending issues that may arise.

If appearances are not required at the start of this tentative ruling but you wish to dispute the tentative ruling, or for further explanation of "appearances required/are not required," please see Judge Bason's Procedures (posted at www.cacb.uscourts.gov) then search for "tentative rulings."  If appearances are required, and you fail to appear without adequately resolving this matter by consent, then you may waive your right to be heard on matters that are appropriate for disposition at this hearing.

| Party Information |
|---|

**Debtor(s):**

   Layfield & Barrett, APC                               Pro Se

**Trustee(s):**

   Richard  Pachulski (TR)                              Represented By
                                                      Malhar S Pagay
                                                      James KT Hunter