Debra I. Grassgreen (CA Bar No. 169978)
Malhar S. Pagay (CA Bar No. 189289)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone: 310/277-6910
Facsimile:  310/201-0760
E-mail: dgrassgreen@pszjlaw.com
         mpagay@pszjlaw.com

Counsel for Petitioning Creditor, Richard M. Pachulski, Chapter 11 Trustee of Layfield & Barrett, APC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>PHILIP JAMES LAYFIELD,<br><br>         Alleged Debtor. | Case No. 2:18-bk-15829-NB<br><br>Chapter 11<br><br>**PETITIONING CREDITOR, RICHARD M. PACHULSKI, CHAPTER 11 TRUSTEE OF LAYFIELD & BARRETT, APC'S (A) JOINDER TO WELLGEN STANDARD, LLC'S RESPONSE TO ALLEGED DEBTOR PHILIP JAMES LAYFIELD'S MOTION TO DISMISS INVOLUNTARY CASE; AND (B) REQUEST FOR ENTRY OF ORDER FOR RELIEF**<br><br>**(Request for Judicial Notice filed concurrently herewith)**<br><br>[Relates to Docket Nos. 48 and 73]<br><br>Date:         October 24, 2018<br>Time:         10:00 a.m.<br>Courtroom:  1545<br>                 255 E. Temple Street<br>                 Los Angeles, California 90012<br>Judge:        Hon. Neil W. Bason |

Richard M. Pachulski (the "L&B Trustee"), petitioning creditor herein and the Chapter 11 Trustee of the bankruptcy estate of Layfield & Barrett, APC ("L&B"), hereby (i) joins in *Wellgen Standard, LLC's Response to Alleged Debtor Philip James Layfield's Motion to Dismiss Involuntary Case* [Docket No. 73] (the "Wellgen Response"), filed in response to *Alleged Debtor Philip James*

DOCS_LA:317221.1 51414/001

*Layfield's Motion to Dismiss Involuntary Case* [Docket No. 48] (the "Motion"), filed by Philip J. Layfield ("Layfield"); and (ii) requests that the Court enter the Order for Relief pursuant to Rule 1013(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

In furtherance of this joinder and request (the "Response"), the L&B Trustee states:

## I.

## JOINDER

The L&B Trustee hereby joins and adopts by reference, as though fully set forth herein, the Wellgen Response. On the bases set forth herein and in the Wellgen Response, the L&B Trustee opposes the granting of the Motion.

## II.

## THE L&B TRUSTEE'S CLAIM AGAINST LAYFIELD IS NOT SUBJECT TO BONA FIDE DISPUTE

For purposes of commencing the involuntary case against Layfield, the L&B Trustee asserted a claim in the minimum amount of $1,002,500.00. [Docket No. 1]. The claim is based on two state court rulings, neither of which is subject to dispute.

First, as set forth in the *Decision and Order of Involuntary Inactive Enrollment* (the "Bar Court Order"), entered by the State Bar Court of California *In the Matter of Philip James Layfield* (Case Nos. 17-O-04140 (17-O-04198; 17-O-04754)), on May 18, 2018, Layfield was determined to have intentionally misappropriated funds relating to the representation of four former L&B clients, including Josephine Nguyen ("Nguyen"), thereby depriving L&B of fee income and reimbursement of costs in connection with such clients' retention of L&B. Bar Court Order at 4-5. A true and correct copy of the Bar Court Order is attached as **Exhibit "A"** to the Request for Judicial Notice ("RFJN"), filed concurrently herewith.

Second, the Superior Court of California for the County of Orange, in the matter entitled *Josephine Nguyen v. Philip Layfield* (Case No.: 30-2017-00930393-CU-BC-CJC) (the "Nguyen Proceeding"), entered its Minute Order pursuant to a default prove-up hearing (the "Minute Order") and determined, among other findings, that the retention agreement with Nguyen was void, that there was no *quantum meruit* entitlement to fees and that Layfield's "fraud … permeated the entire

2

relationship." Minute Order at 2. A true and correct copy of the Minute Order is attached as **Exhibit "B"** to the RFJN. The Minute Order has not been disputed and is final, as set forth in the docket of the Nguyen Proceeding, attached as **Exhibit "C"** to the RFJN.

But for Layfield's actions, as determined by the Bar Court Order and Minute Order, L&B would have been entitled to receive a forty percent (40%) contingency fee in connection with Nguyen's legal matter. A copy of the Agreement for Legal Services and Power of Attorney between L&B and Nguyen, dated February 24, 2016, which specifies the terms of L&B's engagement and contingency fee arrangement (the "Nguyen Retention Agreement"), is attached as Exhibit A to Nguyen's Complaint against Layfield, which is attached as **Exhibit "D"** to the RFJN.

Nguyen's $3.9 million settlement was paid through two insurance company checks deposited into L&B's IOLTA account as follows: $500,000, deposited August 26, 2016; and $3,400,000, deposited on August 29, 2016. *See* Affidavit of Mark E. Speidel, Special Agent, Department of Homeland Security, Homeland Security Investigations, dated February 23, 2018 (the "Speidel Affidavit"), in connection with the criminal proceeding *United States of America v. Philip James Layfield* (C.D. Cal. Case No. SA-MJ-18-0070) (the "Layfield Criminal Proceeding"), ¶ 31.a. at 24. A copy of the Speidel Affidavit is annexed to the Criminal Complaint in the Layfield Criminal Proceeding, and is attached as **Exhibit "E"** to the RFJN. Between August 30, 2016, and December 12, 2016, Layfield transferred first from the L&B IOLTA account to an L&B operating account and then to his personal USAA bank account the aggregate amount of $685,000. *Id.* ¶ 31.c. at 24-25. Also, between October 16, 2016, and February 28, 2017, Layfield wired from the firm's IOLTA account to Layfield's personal USAA account, the aggregate amount of $317,500. Therefore, the grand total associated with Nguyen's legal matter that was transferred by Layfield to his personal account was $1,002,500.

Because of Layfield's actions, which have not been disputed in two separate proceedings, Layfield deprived L&B of the legal fees L&B should have earned pursuant to the Nguyen Retention Agreement. Instead, Layfield collected and then diverted at least $1,002,500 of the $1.56 million in

3

fees that should have been paid to L&B had the Nguyen settlement funds been handled properly.[1]

Based on the foregoing, the L&B bankruptcy estate's claim against Layfield is not subject to *bona fide* dispute.

### III.

### REQUEST FOR ENTRY OF ORDER FOR RELIEF

Bankruptcy Rule 1011(b) provides that defenses and objections to an involuntary petition shall be presented in accordance with Rule 12 of the Federal Rules of Civil Procedure ("FRCP"). Fed. R. Bankr. P 1011(b). FRCP 12(d) indicates that if matters outside the pleadings are presented to the court, the motion must be treated as one for summary judgment under FRCP 56. Fed. R. Civ. P. 12(d). FRCP 56(f)(1) gives the court the latitude to grant summary judgment in favor of the non-moving party. Fed. R. Civ. P. 56(f)(1). Bankruptcy Rule 1013(a) mandates that "[t]he court shall determine the issues of a contested petition at the earliest practicable time and forthwith enter an order for relief, dismiss the petition, or enter any other appropriate order." Fed. R. Bankr. P. 1013(a).

The Motion provides no evidence sufficient to challenge the sufficiency of the Involuntary Petition. As set forth in the Wellgen Response and this Response, none of the claims that form the basis for the Involuntary Petition are subject to *bona fide* dispute. Accordingly, no genuine dispute exists as to any fact material to the entry of an Order for Relief in this case and the Petitioning Creditors are entitled to summary judgment. Accordingly, the Court should enter its Order for Relief forthwith.

### IV.

### RESERVATION OF RIGHTS

Under the terms of the Court's *Order Setting a Hearing on Motion to Dismiss Involuntary Case Etc.* [Docket No. 56], entered on October 5, 2018, the filing of this Response is "without prejudice to filing additional papers if this Court is persuaded to set a briefing schedule and set a

---

[1] Although the L&B Trustee could have claimed the entire contingency fee amount ($1.56 million) owed to the L&B bankruptcy on account of Layfield's actions, the amount set forth on the Involuntary Petition represents Nguyen-related funds transferred to Layfield's personal accounts, as described and calculated in the Speidel Affidavit. *Id.* ¶¶ 31.c. – 32 at 24-26.

continued hearing" regarding the Motion. Accordingly, the L&B Trustee reserves the right to file additional responses, oppositions, evidentiary objections and other pleadings in connection with the Motion.

Also, the claim asserted on behalf of the L&B bankruptcy estate against Layfield in the Involuntary Petition represents a minimum undisputed amount owed by Layfield to the L&B estate. The L&B Trustee's investigation of Layfield's involvement with L&B is on-going and, as such, the L&B Trustee reserves the right to assert additional claims against Layfield, as well as other parties.

## I.

## **CONCLUSION**

For all the foregoing reasons, the L&B Trustee respectfully requests that the Court (a) deny the Motion in its entirety; (b) grant summary judgment to the L&B Trustee and the other Petitioning Creditors; (c) enter the Order for Relief in this case; and (d) grant the L&B Trustee such further relief as may be appropriate under the circumstances.

Dated: October 15, 2018                    PACHULSKI STANG ZIEHL & JONES LLP

By    */s/Malhar S. Pagay*
      Malhar S. Pagay
      Counsel for Petitioning Creditor, Richard M.
      Pachulski, Chapter 11 Trustee of
      Layfield & Barrett, APC

5

DOCS_LA:317221.1 51414/001

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067**

A true and correct copy of the foregoing document entitled (*specify*):  **PETITIONING CREDITOR, RICHARD M. PACHULSKI, CHAPTER 11 TRUSTEE OF LAYFIELD & BARRETT, APC'S (A) JOINDER TO WELLGEN STANDARD, LLC'S RESPONSE TO ALLEGED DEBTOR PHILIP JAMES LAYFIELD'S MOTION TO DISMISS INVOLUNTARY CASE; AND (B) REQUEST FOR ENTRY OF ORDER FOR RELIEF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **October 15, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) **October 15, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Layfield & Barrett, APC
Fka Layfield & Wallace, APC
Fka The Layfield Law Firm, APC
**Attn:  Philip Layfield, Officer of Record**
2720 Homestead Rd., Suite 210
Park City, UT 84098

Layfield & Barrett, APC
Fka Layfield & Wallace, APC
Fka The Layfield Law Firm, APC
**Attn:  Any Officer Other Than Philip Layfield**
2720 Homestead Rd., Ste. 210
Park City, UT 84098

☒ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **October 15, 2018**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY**
Honorable Neil W. Bason
U.S. Bankruptcy Court
255 E. Temple Street, Room 940
Los Angeles, CA  90012
Attn: Mail Room Clerk-Judges  Copies

By Email:
Philip Layfield phil@maximum.global

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 15, 2018 | Myra Kulick | /s/ Myra Kulick |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* 

**F 9013-3.1.PROOF.SERVICE**

DOCS_LA:317360.1 51414/001

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

**Mailing Information for Case 2:17-bk-19548-NB**

- *Wesley H Avery (TR)    wes@averytrustee.com, C117@ecfcbis.com;lucy@averytrustee.com;alexandria@averytrustee.com*
- *Beth Gaschen    bgaschen@wgllp.com, kadele@wgllp.com;vrosales@wgllp.com;cbmeeker@gmail.com;cyoshonis@wgllp.com*
- *Jeffrey I Golden    jgolden@wgllp.com, kadele@wgllp.com;vrosales@lwgfllp.com;cbmeeker@gmail.com*
- *Malhar S Pagay    mpagay@pszjlaw.com, mpagay@pszjlaw.com*
- *Faye C Rasch    frasch@wgllp.com, kadele@wgllp.com;tziemann@wgllp.com*
- *Jeffrey L Sumpter    jsumpter@epiqtrustee.com, jsumpter@cbiz.com*
- *United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov*
- *Dennis J Wickham    wickham@scmv.com, nazari@scmv.com*

2. **SERVED BY UNITED STATES MAIL**:

Patricia Salcedo
The Dominguez Firm
3250 Wilshire Blvd #2200
Los Angeles, CA 90010

Diane B Sherman
Law Offices of Diane B Sherman
1801 Century Park East Ste 1200
Los Angeles, CA 90067

<u>Attorneys for Wellgen Standard LLC</u>
Roger G Jones
Austin L. McMullen
Bradley Arant Boult Cummings LLP
1600 Division St Ste 700
Nashville, TN 37203

Philip J. Layfield
1875 K Street NW
Washington, DC 20006

Philip J. Layfield
c/o Zenith Legal Services, LLC
1875 Connecticut Ave. NW, 10th Floor
Washington, DC 20009

Philip J. Layfield
c/o Maximum Legal Holdings, LLC
8 The Green, Suite 6426
Dover, Delaware  19901

Megan Hanley Baer
501 S. Sharon Amity Rd.
Charlotte, NC 28211

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

DOCS_LA:317360.1 51414/001