FILED & ENTERED

OCT 22 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY sumlin    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>Philip James Layfield,<br><br>Debtor(s) | Case No.:  2:18-bk-15829-NB<br>Chapter:  7<br><br>**TENTATIVE RULING AUTHORIZING AND DIRECTING MR. LAYFIELD TO FILE AND SERVE DOCUMENTS IN PDF FORMAT**<br><br>Hearing:<br>Date:  October 24, 2018<br>Time:  10:00 a.m.<br>Place: 255 E. Temple St. Ste. 1545<br>           Los Angeles, CA 90012 |

As further set forth below, the tentative ruling of this Court is to authorize and direct Philip James Layfield ("Mr. Layfield") to <u>file</u> most documents in Portable Document Format ("PDF") on a compact disk ("CD").  The tentative ruling is that documents must be <u>served</u> in substantially the same manner.

**1. BACKGROUND**

Mr. Layfield is a party in interest in three cases.  *See In re Layfield*, 2:18-bk-15829-NB; *In re Layfield & Barrett, APC*, 2:17-bk-19548-NB; *In re Maximum Legal (California), LLP*, 2:17-bk-18433-NB (collectively, the "Layfield-Related Cases").

Identical versions of this order are being issued in all three cases, and this order applies to all proceedings in each case, including adversary proceedings.

Mr. Layfield is an attorney. Normally any attorney who files more than a minimal number of papers with this Court is required to register for electronic filing using this Court's CM/ECF system (*see* LBR 5005-4), but Mr. Layfield has not done so.

From the record before this Court it appears that Mr. Layfield <u>might</u> be ineligible to register for CM/ECF due to his current status with the Bar – although that has not been established, and at present this Court makes no finding on that issue. Previously he requested an order of this Court authorizing him to file documents electronically, apparently meaning that he wished to file documents without needing to register for CM/ECF, or alternatively that he wished to file documents via some sort of mechanism other than CM/ECF: it was not clear to this Court exactly what Mr. Layfield was requesting. This Court orally denied that request in a previous hearing (and later confirmed that denial by issuing written orders generally denying Mr. Layfield's omnibus motions).

This Court explained that (1) there are various mechanisms for individuals to be able to file documents electronically, and Mr. Layfield had not established that he is ineligible for CM/ECF filing under at least one of those mechanisms (the "CM/ECF Mechanisms"), and (2) unlike the alleged procedures in other courts that Mr. Layfield referenced, the undersigned Bankruptcy Judge is not aware of any existing procedure enabling someone who is not qualified under this Court's CM/ECF system to file documents electronically (a "Non-CM/ECF Mechanism"). In addition, this Court notes that there are dangers in permitting a person who is not eligible to use one of the CM/ECF Mechanisms to file PDF documents electronically. For example, that would bypass the procedures to protect the integrity of that system, including the requirements for preserving original "wet ink" signatures.

Since that oral ruling Mr. Layfield has neither (1) sought a determination by this Court that he is ineligible for the CM/ECF Mechanisms and therefore can continue filing

paper documents nor (2) proposed any Non-CM/ECF Mechanism.  Instead, Mr. Layfield has filed numerous documents in paper form in the Layfield-Related Cases.  Recently he has also submitted at least one flash drive to the intake department of the Clerk of this Court.  Both the papers and any flash drives are problematic.

## 2. PROBLEMS WITH PAPER AND FLASH DRIVES

Paper documents must be scanned by the Clerk's Office in order to appear on the electronic docket.  The volume of paper documents that Mr. Layfield has filed to date is enormous.  He estimates that one motion alone is approximately 3,500 pages.  *See In re Maximum Legal (California), LLP* (Case No. 2:17-bk-18433-NB), dkt. 123, p. 2:11.  It takes a very substantial amount of time and resources of this Court to scan that volume of paper.  That amount of scanning also delays the entry of documents on the docket.

Flash drives are not authorized by any Local Bankruptcy Rule or procedure.  In addition, they pose a security risk for this Court's computer network if they are used to transfer files.

It is not just this Court that is affected.  Parties in interest face similar burdens and risks.  Specifically, to the extent that Mr. Layfield is serving anyone via U.S. mail, he is either serving large volumes of paper on them or serving them with flash drives, or both.

## 3. REMEDIES

For all of the foregoing reasons, the tentative ruling, which will be addressed at the above-captioned hearing, is to issue an order adopting the following procedures:

1. <u>Non-CM/ECF Mechanism Authorized and Required</u>.  Mr. Layfield is prohibited from filing and serving paper copies, and instead he is authorized and directed to file and serve all documents in the Layfield-Related Cases using the Non-CM/ECF Mechanism described below.  Notwithstanding the immediately preceding sentence, for documents that are 20 pages or less, <u>including</u> all exhibits and supporting documents (declarations, requests for judicial notice, certificates of service, etc.), Mr. Layfield may

elect to file and serve paper copies in lieu of the Non-CM/ECF Mechanism described below.

2. <u>Filing documents</u>.  The Non-CM/ECF Mechanism for filing documents is as follows.  For **each** motion or other document that he seeks to file with this Court Mr. Layfield must:

(a) electronically convert his word-processed documents to a Portable Document Format ("PDF");

(b) scan any original "wet ink" signature pages and add them to the PDF document;

(c) convert or scan any exhibits into PDF;

(d) combine the above-described PDFs into a single document, provided that no single document may exceed 10 MegaBytes ("MB"), and any document that does exceed that limit must be broken into separate PDF files within that limit, and must be clearly named so that they will appear on the CD's file directory in the sequence in which Mr. Layfield intends to file them (*e.g.,* "Motion for X," "Motion for X, Exs. 1-7," and "Motion for X, Exs. 8-12");

(e) "burn" the PDF document(s) to a CD;

(f) place the CD in a padded envelope (the "CD Envelope");

(g) place a label on one side of the CD Envelope reading:

> US Bankruptcy Court, C.D. Cal.
> Attn: Operations Mgr. (for IT Security Officer)
> 255 E. Temple St, Ste. 100
> Los Angeles, CA 90012

(h) staple to the other side of the CD Envelope a paper copy of the caption page of the document; and

(i) place the sealed CD Envelope into an overnight delivery box or other secure container and arrange for timely delivery to the Clerk's Office, together with any filing fee and other materials that may be necessary or appropriate (*e.g.,*

a postage-prepaid return envelope, an additional copy of the caption page, and a cover letter requesting return of a file-stamped copy of the cover page).

3. <u>Serving Documents</u>. Mr. Layfield is directed to follow the same Non-CM/ECF Mechanism described above (PDFs on a CD) to serve each person whom he is required to serve under the applicable rules or any orders of this Court. Notwithstanding the immediately preceding sentence, any party in interest may notify Mr. Layfield in a written notice, filed with this Court and served on Mr. Layfield, that instead of receiving a CD with PDFs they prefer to be served with PDF copies of documents via some other means (*e.g.,* via email), in which event Mr. Layfield is directed to serve that party using that method (unless he moves for and obtains an order from this Court excusing him from doing so). Notwithstanding the foregoing procedures for service, Mr. Layfield is excused from the Non-CM/ECF Mechanism with respect to those persons who are automatically served via this Court's electronic Notice of Electronic Filing ("NEF") system.

4. <u>"Wet Ink" Signatures</u>. Mr. Layfield is directed (a) to assemble all original "wet ink" signature pages in each document that he files, (b) staple them to a copy of the caption page (collectively, the "Wet Ink Pages"), and (c) serve the Wet Ink Pages on each trustee or debtor-in-possession in the Layfield-Related Cases, simultaneous with serving the document, via registered, certified mail. Each such trustee or debtor-in-possession is hereby directed to retain such Wet Ink Pages until otherwise ordered by this Court.

5. <u>Prohibition Of Other Non-CM/ECF Mechanisms</u>. Mr. Layfield is prohibited from submitting flash drives or "DVDs" or using any mechanism to file and serve documents other than as set forth above. Any flash drives or other electronic storage media that have already been received by the Clerk's Office as of the date of entry of this order will be returned to Mr. Layfield. Any flash drive or other electronic storage media that are submitted in the future may be disposed of as the Clerk's Office sees fit.

1  6. <u>Future Proceedings</u>.  Notwithstanding the foregoing, this Court may determine
2  in future that Mr. Layfield must use one of the usual CM/ECF Mechanisms, or a different
3  Non-CM/ECF Mechanism.  To assist this Court in making any such determination, Mr.
4  Layfield is directed no later than 10:00 a.m. (Pacific Time) on October 31, 2018 to file
5  and serve his declaration, in each of the Layfield-Related Cases, (a) explaining what
6  efforts he has made to use one of the usual CM/ECF Mechanisms, (b) why he has been
7  unable to do so, (c) any questions or concerns he has regarding the use of the Non-
8  CM/ECF Mechanism set forth above, and (d) any alternative Non-CM/ECF Mechanism
9  he proposes.

###

Date: October 22, 2018

Neil W. Bason
United States Bankruptcy Judge

# CERTIFICATE OF SERVICE

I, the below-named deputy clerk of the United States Bankruptcy Court, certify that I placed a true and correct copy of the attached document in a sealed envelope for collection and mailing, no later than the next business day that is not a court-observed holiday, in the United States mail, first class, postage prepaid, and addressed as follows:

<u>Debtor</u>
Philip J. Layfield
c/o Maximum Legal Holdings, LLC
8 The Green, Suite 6426
Dover, DE 19901

Date:   10/22/2018        Signature:            /s/ Sharon Sumlin

                          Deputy Clerk [*printed name*]:    Sharon Sumlin