**WEILAND GOLDEN GOODRICH LLP**
Jeffrey I. Golden, State Bar No. 133040
jgolden@wgllp.com
Faye Rasch, State Bar No. 253838
frasch@wgllp.com
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone 714-966-1000
Facsimile 714-966-1002

**BRADLEY ARANT BOULT CUMMINGS LLP**
Roger G. Jones (admitted *pro hac vice*)
1600 Division Street
Suite 700
Nashville TN  37219
615-252-2323
rjones@bradley.com

Attorneys for Wellgen Standard, LLC

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>PHILIP JAMES LAYFIELD,<br><br>        Debtor. | ) Case No. 2:18-bk-15829-NB<br>)<br>) Chapter 7<br>)<br>) Hon. Neil W. Bason<br>)<br>) **WELLGEN STANDARD,**<br>) **LLC'S MOTION FOR**<br>) **SUMMARY JUDGMENT**<br>)<br><br>DATE:<br>TIME: .<br>CTRM: 1545<br>      255 E. Temple Street<br>      Los Angeles, California 90012 |

**TO THE HONORABLE NEIL W. BASON, UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTOR AND PARTIES IN INTEREST:**

Wellgen Standard, LLC ("Wellgen"), successor in interest to Advocate Capital, Inc. ("Advocate"), files this Motion for Summary Judgment (the "Motion"). In support of this Motion, Wellgen submits the following Memorandum of Points and Authorities.

Wellgen also incorporates by reference the Statement of Uncontroverted Facts (the "Statement of Facts") contained in Wellgen Standard, LLC's Local Bankruptcy Rule 7056-1 Statement of Uncontroverted Facts and Conclusions of Law in Support of Motion for Summary Judgment filed concurrently herewith.

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.    PROCEDURAL BACKGROUND ...................................................................... 1

II.    STANDARD OF REVIEW ........................................................................... 2

III.    ARGUMENT ..................................................................................... 3

  A.    Mr. Layfield's Failure to Timely Comply with Rules 1011(b), 1018
      and 7005 of the Federal Rules of Bankruptcy Procedure............................... 3

  B.    The Petitioning Creditors' Claims Are Not the Subject of a *Bona
      Fide* Dispute. ............................................................................ 4

  C.    Mr. Layfield Is Generally Not Paying His Debts As They Become
      Due.................................................................................... 13

IV.    CONCLUSION .................................................................................. 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ...................................................................................3

*Baldwin v. Marina City Properties, Inc.*,
   79 Cal.App.3d 393, 145 Cal.Rptr. 406 (Cal. App., 2d Dist. 1978) ......................9, 11

*Campo v. American Corrective Counseling Services, Inc.*,
   2009 WL 10673198 (C.D. Cal. 2009) ...........................................................7

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ...................................................................................3

*Chicago Title Ins. Co., v. Seko Investment, Inc.*,
   156 F.3d 1005 (9th Cir. 1998) ................................................................9, 13

*In re Clignett*,
   567 B.R. 583 (Bankr. C.D. Cal. 2017) ..........................................................5

*Focus Media, Inc. v. Nat'l Broad. Co. Inc.*,
   378 F.3d 916 (9th Cir. 2004) .......................................................................5

*Gruntz v. County of Los Angeles (In re Gruntz)*,
   202 F.3d 1074 (9th Cir.2000) ......................................................................7

*In re Harmon*,
   250 F.3d 1240 (9th Cir. 2001) ...................................................................11

*Ingersoll–Rand Financial Corp. v. Miller Mining Co.*,
   817 F.2d 1424 (9th Cir. 1987). This District Court Action.........................6

*Key Mechanical Inc. v. BDC 56 LLC (In re BDC LLC)*,
   330 F.3d 111 (2d Cir.2003) ......................................................................4, 5

*In re Marciano*,
   446 B.R. 407 (Bankr. C.D. Cal. 2010), *aff'd*, 708 F.3d 1123 (9th Cir.
   2013)........................................................................................................4

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
   475 U.S. 574 (1986) ...................................................................................3

*Meehan v. Ocwen Loan Servicing*, LLC (In re Meehan),
   2014 WL 4801328 (9th Cir. BAP 2014) .......................................................7

*In re Mountain Dairies, Inc.*,
   372 B.R. 623 (Bankr. S.D.N.Y. 2007) ..........................................................4

i

*In re O'Neil,*
  1997 WL 615661 (Bankr. Minn. 1997)...................................................................9

*Parker v. Bain,*
  68 F.3d 1131 (9th Cir. 1995)...........................................................................6

*Platinum Fin. Servs. Corp. v. Byrd (In re Byrd),*
  357 F.3d 433 (4th Cir.2004).............................................................................4

*Reed v. Federal National Mortgage Ass'n,*
  2014 WL 12639135 (C.D. Cal. Dec. 5, 2014) .........................................................7

*Rimell v. Mark Twain Bank (In re Rimell),*
  946 F.2d 1363 (8th Cir.1991)........................................................................4, 5

*Shalant v. State Bar of California,*
  699 Fed.Appx. 724 (9th Cir. 2017) ..................................................................10

*In re Stoll,*
  252 B.R. 492 (9th Cir. BAP 2000)......................................................................7

*Valencia-Alvarez v. Gonzalez,*
  469 F.3d 1319 (9th Cir. 2006)...........................................................................6

*In re Vortex Fishing Systems, Inc.,*
  277 F.3d 1057 (9th Cir. 2002)........................................................................4, 5

**Statutes**

11 U.S.C § 303(b) ..................................................................................1, 4, 8

11 U.S.C. § 303(g) .........................................................................................1

11 U.S.C. § 303(h)(1) ....................................................................................13

11 U.S.C. § 323 ...........................................................................................7

11 U.S.C. § 362(a)(1) ..................................................................................6, 7

11 U.S.C. § 553(a)(2)(A) ...............................................................................12

Cal. Bus. & Prof. Code § 6083(a) ....................................................................10

Cal. Bus. & Prof. Code § 6084(a) ....................................................................10

**Other Authorities**

Fed. R. Bankr. Pro. 1011(b) ......................................................................1, 3

Fed. R. Bankr. Pro. 1018 ...............................................................................2

Fed. R. Civ. P. 56(a)......................................................................................3

Fed. R. Bankr. Pro. 1013(b) .......................................................................3, 4

Fed. R. Bankr. Pro. 7005 ............................................................................2, 3

Fed. R. Civ. P. 12(a) ......................................................................................1

Fed. R. Civ. P. 12(b)......................................................................................1

Fed. R. Civ. P. 60(b) .............................................................................5, 6, 7

Fed. R. Bankr. Pro. 1018 ...............................................................................2

WELLGEN STANDARD, LLC'S MOTION FOR SUMMARY JUDGMENT

### MEMORANDUM OF POINTS AND AUTHORITIES

## I.    PROCEDURAL BACKGROUND

On May 21, 2018, Wellgen, Alliance Legal Solutions, LLC ("Alliance"), and

Richard M. Pachulski, Chapter 11 Trustee of Layfield & Barrett, APC (the "L&B

Trustee") filed an involuntary petition (the "Involuntary Petition") against the alleged

debtor Mr. Philip James Layfield ("Layfield"). Wellgen, Alliance and the L&B Trustee

(the "Petitioning Creditors") filed the Involuntary Petition pursuant to Section 303(b)(1)

of the Bankruptcy Code, which provides as follows:

> An involuntary case against a person is commenced by the filing with the
> bankruptcy court of a petition under chapter 7 or 11 of this title—
>
> (1) by three or more entities, each of which is either a holder of a claim against
> such person that is not contingent as to liability or the subject of a bona fide
> dispute as to liability or amount, or an indenture trustee representing such a
> holder, if such noncontingent, undisputed claims aggregate at least $15,775
> more than the value of any lien on property of the debtor securing such claims
> held by the holders of such claims ….

11 U.S.C § 303(b).

On May 23, 2018, Wellgen moved for the appointment of an interim trustee

pursuant to 11 U.S.C. § 303(g).  (Docket No. 5.)  On May 30, 2018, this Court granted

Wellgen's motion, and Mr. Wesley H. Avery was appointed the interim trustee (the

"Interim Trustee"). (Docket Nos. 13 and 15.)

Due to delays in service caused by Mr. Layfield's incarceration, subsequent

release on bond and now house arrest in Delaware, Mr. Layfield's response to the

Involuntary Petition was not due until September 14, 2018.  Mr. Layfield was required

to properly file and serve an answer under Rule 12(a) of the Federal Rules of Civil

Procedure or a motion in accordance with Rule 12(b) of the Federal Rules of Civil

Procedure.  Fed. R. Bankr. Pro. 1011(b).  Moreover, when filing his answer or motion,

Mr. Layfield was required to comply with Rule 7005 of the Federal Rules of Bankruptcy Procedure. Fed. R. Bankr. Pro. 1018.

Rather than timely and properly filing and serving an answer or motion as required by Rules 1011(b), 1018 and 7005, Mr. Layfield mailed his Declaration in Support of Motion to Dismiss Involuntary Case (the "Declaration") to Wellgen's counsel. (Docket No. 71.) Although the Declaration referred to a motion to dismiss, the Declaration was not accompanied by a motion to dismiss. No certificate of service was attached to the Declaration, and Wellgen is unsure whether Mr. Layfield provided a copy of the Declaration to anyone other than Wellgen. Mr. Layfield purported to set a hearing on his imaginary motion to dismiss on October 22, 2018.

This Court conducted a status conference in this case on September 18, 2018, at which Mr. Layfield appeared telephonically. This Court directed Mr. Layfield to properly file and serve his motion to dismiss and the Declaration, and scheduled a hearing for October 24, 2018. On October 1, 2018, Mr. Layfield filed the Motion to Dismiss. The Motion to Dismiss relies on the Declaration and the various Exhibits attached thereto, which was not filed until October 9, 2018.

Despite this Court's direction, Mr. Layfield did not properly file and serve the Motion to Dismiss and/or the Declaration. (Docket No. 56.)

There are many motions and matters ongoing in this case. At the October 24, 2018 hearing date, the Court continued these matters to December 6, 2018.

## II.    STANDARD OF REVIEW

Summary judgment is warranted under Federal Rule of Civil Procedure 56(a) "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also*

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–50 (1986).  The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party meets its burden, the burden shifts to the non-moving party, who must "set forth specific facts showing that there is a genuine issue for trial."  *Anderson*, 477 U.S. at 256.  A genuine issue for trial exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and material facts are those "that might affect the outcome of the suit under the governing law."  *Anderson*, 477 U.S. at 248.  There is no genuine issue of fact "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).

Here, the facts set forth in Wellgen's Statement of Facts are undisputed, and Wellgen is entitled to judgment as a matter of law.

## III.  ARGUMENT

### A.  Mr. Layfield's Failure to Timely Comply with Rules 1011(b), 1018 and 7005 of the Federal Rules of Bankruptcy Procedure.

Mr. Layfield's failure to timely file an answer or motion as required by Rules 1011(b), 1018 and 7005 entitles the Petitioning Creditors to the entry of an order for relief.  Rule 1013(b) of the Federal Rules of Bankruptcy Procedure provides that "[i]f no pleading or other defense to a petition is filed within the time provide by Rule 1011, the Court, on the next day, or as soon thereafter as practicable, shall enter an order for relief requested in the petition."  Here, there is no dispute that Mr. Layfield failed to timely file and serve an answer or motion.  Moreover, even after being instructed by the

1
2
3

Court to do so, Mr. Layfield still has not filed and properly served the Motion to Dismiss and/or the Declaration.  Thus, the Petitioning Creditors are entitled to the entry of an order for relief.  Fed. R. Bankr. P. 1013(b).

4
5

**B.    The Petitioning Creditors' Claims Are Not the Subject of a *Bona Fide* Dispute.**

6
7
8
9
10
11
12
13
14
15
16
17
18
19

The Petitioning Creditors' claims are not the subject of a *bona fide* dispute.  The burden is on the petitioning creditors to make a *prima facie* showing that their claims are not the subject of a *bona fide* dispute as to liability or amount.  *In re Marciano*, 446 B.R. 407, 422 (Bankr. C.D. Cal. 2010), *aff'd*, 708 F.3d 1123 (9th Cir. 2013)); s*ee also In re Vortex Fishing Systems, Inc.*, 277 F.3d 1057, 1064 (9th Cir. 2002); *In re Mountain Dairies, Inc.*, 372 B.R. 623, 633–34 (Bankr. S.D.N.Y. 2007).  Once the petitioning creditors meet their burden, the burden shifts to the alleged debtor to demonstrate that a *bona fide* dispute exists as to either liability or amount.  *Marciano*, 446 B.R. at 422; *see also Platinum Fin. Servs. Corp. v. Byrd (In re Byrd)*, 357 F.3d 433, 438 (4th Cir.2004); *Key Mechanical Inc. v. BDC 56 LLC (In re BDC LLC)*, 330 F.3d 111, 118 (2d Cir.2003); *Rimell v. Mark Twain Bank (In re Rimell)*, 946 F.2d 1363, 1365 (8th Cir.1991).

20
21
22
23
24
25
26
27
28

The term "*bona fide* dispute" is not defined by the Bankruptcy Code.  The primary purpose of the § 303(b) eligibility requirements is to prevent a creditor from using the involuntary petition as a club to coerce a debtor to pay debts even when the debtor's reason for not paying is a legitimate dispute as to its liability.  The Ninth Circuit has adopted a standard that requires the Court to "determine whether there is an objective basis for either a factual or legal dispute as to the validity of the debt." *Vortex*, 277 F.3d at 1064 (*quoting In re Busick*, 831 F.2d 745, 750 (7th Cir.1987)).  Moreover, to constitute a *bona fide* dispute, a dispute "as to liability must affect whether

4

the claim amount is above or below the statutory requirement" of $15,775.  *In re Clignett*, 567 B.R. 583, 589 (Bankr. C.D. Cal. 2017); *see also Focus Media, Inc. v. Nat'l Broad. Co. Inc*., 378 F.3d 916, 926 (9th Cir. 2004).  Because the standard is an objective one, a debtor's subjective intent or belief is irrelevant, and the mere or conclusory denial of a claim's validity or amount is not sufficient to create a *bona fide* dispute.  *See BDC 56 LLC*, 330 F.3d at 118; *Rimell*, 946 F.2d at 1365.

### 1.    *Wellgen's Claim*

Wellgen's claim is not the subject of a *bona fide* dispute.  Mr. Layfield argues that Wellgen's claim is the subject of a *bona fide* dispute because he recently filed his Second Rule 60(b) Motion to set aside Wellgen's Judgment against Mr. Layfield.  This Court need not decide the merits of Mr. Layfield's Second Rule 60(b) Motion.  Even if Wellgen's Judgment were subject to being set aside, Wellgen's claim is not subject to *bona fide* dispute.  It is undisputed that L&B obtained a $4,000,000 loan from Wellgen's predecessor, that Mr. Layfield personally guaranteed repayment of the loan, and that the loan remains unpaid.  (Statement of Facts Nos. 1-10.)  Indeed, Mr. Layfield previously admitted that he guaranteed payment of the loan.  (Statement of Facts No. 6.)

Although the Court does not need to address the effect of Mr. Layfield's Second Rule 60(b) Motion, it provides no basis to find that Wellgen's claim is the subject of a *bona fide* dispute.  The District Court denied Mr. Layfield's First Rule 60(b) Motion on the merits.  (Statement of Facts No. 15.)  Mr. Layfield did not appeal the denial of his First Rule 60(b) Motion.  (*Id*.)  The District Court's denial of Mr. Layfield's First Rule 60(b) motion is final and non-appealable and bars any claim by Mr. Layfield that he was not properly served.  The District Court's denial of Mr. Layfield's First Rule 60(b) Motion constitutes a final order on the merits of Mr. Layfield's claims regarding service

of process, and, therefore, Mr. Layfield's claims regarding service of process are barred by *res judicata*. *See, e.g., Valencia-Alvarez v. Gonzalez*, 469 F.3d 1319, 1323-1324 (9th Cir. 2006) (final judgment on the merits in separate action is entitled to *res judicata* effect).

Even if Mr. Layfield's Second Rule 60(b) Motion were not barred by *res judicata*, it is void because it constitutes a blatant violation of the automatic stay. Under Section 362(a)(1), the filing of an involuntary petition stays the commencement or continuation of any action against the debtor that was or could have been commenced prior to the filing of the involuntary petition. 11 U.S.C. § 362(a)(1); *see also Ingersoll–Rand Financial Corp. v. Miller Mining Co.*, 817 F.2d 1424, 1426 (9th Cir. 1987). This District Court Action is against Mr. Layfield and it was commenced prior to the filing of the involuntary petition against Mr. Layfield. Thus, the District Court Action is stayed.

The fact that Mr. Layfield, rather than Wellgen, filed the Second Rule 60(b) Motion and is seeking relief makes no difference. "'[W]hether a case is subject to the automatic stay must be determined at its inception. That determination should not change depending on the particular stage of the litigation at which the filing of the petition in bankruptcy occurs.'" *Ingersoll–Rand Financial*, 817 F.2d at 1426 (*quoting Cathey v. Johns-Manville Sales Corp.*, 711 F.2d 60, 62 (6th Cir.1983)); *see also Parker v. Bain*, 68 F.3d 1131, 1135 (9th Cir. 1995) (section 362(a)(1) stays appeal by the debtor where the underlying action is against the debtor). Because Mr. Layfield filed his Second Rule 60(b) Motion in violation of the automatic stay, it is a nullity. Legal proceedings in violation of the automatic stay are void. *See Gruntz v. County of Los Angeles (In re Gruntz)*, 202 F.3d 1074, 1082 (9th Cir.2000) ("actions taken in violation

of the automatic stay are void"); *Campo v. American Corrective Counseling Services, Inc.*, 2009 WL 10673198, *7 (C.D. Cal. 2009) (same).

Even if the District Court Action were not stayed, Mr. Layfield had no standing to prosecute or seek any relief in the District Court Action. Only the Interim Trustee in this case has standing to prosecute or seek relief in the District Court Action. *See* 11 U.S.C. § 323. The Interim Trustee is the legal representative of Mr. Layfield's bankruptcy estate and only the Interim Trustee has the capacity to sue and be sued. *Id.*; *see also In re Stoll*, 252 B.R. 492, 495 (9th Cir. BAP 2000); *Meehan v. Ocwen Loan Servicing, LLC (In re Meehan)*, 2014 WL 4801328 (9th Cir. BAP 2014). The Interim Trustee has taken no action to contest or set aside the Judgment.

Mr. Layfield makes the extraordinary statement that, even if Wellgen's judgment is valid, "the amounts claimed are disputed due to offsets, improper allocation of interest accruals and payments and a failure to account for attorney fees and costs." (Declaration ¶ 22.) Although Mr. Layfield was recently disbarred, he is undoubtedly familiar with the doctrine of *res judicata* or claim preclusion. Claim preclusion is applicable to default judgments and bars all claims and defenses to recovery regardless of whether they were raised or determined in the prior action. *See, e.g., Reed v. Federal National Mortgage Ass'n*, 2014 WL 12639135, *8 (C.D. Cal. Dec. 5, 2014).

Mr. Layfield also alleges, without any support, that Advocate failed to mitigate its damages, failed to exercise reasonable diligence in the face of a pending default on its loan and failed to protect its lien. These conclusory allegations are unsupported by any evidence. Moreover, Mr. Layfield's Guaranty contained an express waiver of all such defenses. (Statement of Facts No. 7.) The Guaranty is governed by Tennessee law, and the waivers contained therein are enforceable under Tennessee law. *See, e.g.,*

*Nashville Electric Supply Co., Inc. v. Kay Industries, Inc.*, 533 S.W.2d 306, 309 (Tenn. App. 1975) (*perm. app. denied*) ("the words of the guaranty are to be taken as strongly against the guarantor as the sense will permit").

Mr. Layfield speculates that Wellgen may have received payments since the entry of the Judgment that would reduce the amount of the Judgment. Wellgen has received $78,871.49 since the entry of the Judgment. (Statement of Facts No. 20.) Even if these payments were applied to the face amount of the Judgment, rather than attorney's fees, post-judgment interest and other costs of collection, the amount outstanding under the Judgment far exceeds the $15,775 required under Section 303(b)(1).

Mr. Layfield makes the patently ridiculous and wholly unsubstantiated allegation that he has "claims against Advocate and conspirators that resulted in [his] indictment and illegal detention," and that such claims exceed any claims that Wellgen, as successor to Advocate, may have. (Declaration ¶ 22.) A claim of malicious prosecution involving either a civil or criminal proceeding requires that "that the prior action (1) was commenced by or at the direction of the defendant and was pursued to a legal termination in his, plaintiff's, favor; (2) was brought without probable cause; and (3) was initiated with malice." *Casa Herrera, Inc. v. Beydoun*, 32 Cal.4th 336, 341, 9 Cal.Rptr.3d 97, 83 P.3d 497 (2004). Mr. Layfield's assertion is limited to a single sentence, and Mr. Layfield offers no facts or evidence to satisfy any of the elements of a malicious prosecution claim.

Mr. Layfield's allegation that Advocate is part of some grand conspiracy is also irrelevant. Wellgen's Judgment arises out of Advocate's loan to Layfield & Barrett, APC ("L&B"). On the other hand, Mr. Layfield's alleged claims against Advocate arise

from an alleged conspiracy to cause the United States government to indict and illegally

detain Mr. Layfield.  Any claim that Mr. Layfield may have does not arise from the

same transaction or occurrence as Wellgen's Judgment, and, therefore, does not give

rise to a *bona fide* dispute regarding Wellgen's claim.  *See Chicago Title Ins. Co., v.

Seko Investment, Inc*., 156 F.3d 1005, 1008-1009 (9th Cir. 1998) (counterclaim arising

out of a transaction or occurrence other than the transaction or occurrence on which the

petitioning creditor's claim is based, cannot be relied on to create a *bona fide* dispute).

### 2.    *L&B Trustee's Claim*

Mr. Layfield's Declaration denies that the L&B Trustee has a claim against him

but offers no explanation, support or evidence to support his denial.  The L&B's

Trustee's claim arises from Mr. Layfield's conversion of funds from L&B's trust

accounts.  The elements of a cause of action for conversion are (i) the plaintiff's

ownership or right to possession of the property, (2) the defendant's conversion by a

wrongful act or disposition of property rights, and (3) damages.  *See, e.g., Baldwin v.

Marina City Properties, Inc.*, 79 Cal.App.3d 393, 145 Cal.Rptr. 406 (Cal. App., 2d Dist.

1978).  Here, these elements are easily satisfied as a matter of law.

On May 18, 2018, the State Bar Court of California found that Mr. Layfield had

misappropriated funds from L&B's trust accounts.  (State Bar Court Order at pp. 4-6.)

L&B was entitled to possession of the funds in its trust accounts, and, as the State Bar

Court found, Mr. Layfield wrongfully misappropriated and disposed of those funds.

(*Id*.)  L&B suffered damages in the form of L&B's liability to its clients for the amounts

Mr. Layfield misappropriated.  *See In re O'Neil*, 1997 WL 615661 (Bankr. Minn. 1997)

(lawyer that misappropriated client funds liable to law firm for amounts

misappropriated under doctrines of conversion, indemnity and implied contract).

Mr. Layfield had 60 days to file a petition for review of the State Bar Court Order with the California Supreme Court. *See* Cal. Bus. & Prof. Code § 6083(a). Mr. Layfield did not file such a petition, and, therefore, the State Bar Court's decision is final, enforceable and entitled to *res judicata* effect. *See* Cal. Bus. & Prof. Code § 6084(a); *Shalant v. State Bar of California*, 699 Fed.Appx. 724 (9th Cir. 2017). In *Shalant*, the Ninth Circuit explained held:

> The district court properly dismissed Shalant's action as barred by the doctrine of res judicata because Shalant's equal protection claim was raised in a prior California State Bar Court proceeding that resulted in a final judgment on the merits. See Cal. Bus. & Prof. Code § 6084(a) ("When no petition to review or to reverse or modify has been filed by either party within the time allowed therefor ... the decision or order of the State Bar Court shall be final and enforceable."); *Wehrli v. County of Orange*, 175 F.3d 692, 694 (9th Cir. 1999) (according preclusive effect to administrative proceedings "where judicial review of the administrative adjudication was available but unused"); *see also Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007) (federal courts must apply state law regarding res judicata to state court judgments); *DKN Holdings LLC v. Faerber*, 61 Cal.4th 813, 189 Cal.Rptr.3d 809, 352 P.3d 378, 382 n.1, & 386-87 (2015) (setting forth requirements for res judicata, or claim preclusion, defining primary rights doctrine, and discussing privity).
> *Id.*

The California State Bar Court found that Mr. Layfield wrongfully misappropriated funds from Layfield & Barrett, APC's trust accounts (State Bar Court order at pp. 4-6). Under the doctrine of issue preclusion, Mr. Layfield may not relitigate that issue. Mr. Layfield mistakenly argues that he is entitled to relitigate the State Bar Court's findings because the State Bar Court Order is, in effect, a default judgment. To the contrary, the California State Bar Court defaulted Mr. Layfield not because he failed to file an answer; instead, the California State Bar Court defaulted Mr. Layfield because he failed to appear at trial. (*Id*. at p. 2.) More importantly, under California law, a default judgment bars the defendant from relitigating issues raised in the complaint (i) where the defendant was personally served or had actual knowledge of

the existence of the litigation, and (ii) the court makes an express finding upon the allegations in the complaint for which preclusion is sought. *In re Harmon,* 250 F.3d 1240, 1247-1248 (9th Cir. 2001).

In the instant case, since Mr. Layfield appeared and filed an answer, there is no dispute that Mr. Layfield was served or had actual knowledge of the proceedings in the State Bar Court. (State Bar Court Order at p. 2.) The California State Bar Court made an express finding that Mr. Layfield intentionally misappropriated funds from Layfield & Barrett, APC's trust accounts. (State Bar Court Order at pp 4-6.) Mr. Layfield cannot relitigate that finding.

Mr. Layfield notes that the California State Bar Court did not find that Mr. Layfield personally benefitted from his misappropriation of funds from L&B's trust accounts. While it is true that the California State Bar Court made no such finding, it is irrelevant. A claim for conversion does not require that the defendant personally benefitted from his tortious conduct. *See, e.g., Baldwin*, 79 Cal.App.3d at 393, 145 Cal.Rptr. at 406. Instead, all that is required is that Mr. Layfield's misappropriation damaged L&B. (*Id.*) It is undisputed Mr. Layfield's misappropriation damaged L&B. L&B became liable to L&B's clients for the amount Mr. Layfield misappropriated. Moreover, Mr. Layfield's fraudulent conduct with respect to Ms. Nguyen rendered the retention agreement between L&B and Ms. Nguyen void and deprived L&B of the right to recover the attorney's fees to which it was entitled under the retention agreement or on a *quantum meruit* basis. (Minute Order at p. 2.)

It is also undisputed that Mr. Layfield personally benefitted from his misappropriation. Between August 30, 2016, and December 12, 2016, Layfield transferred first from L&B's trust account to an L&B operating account and then to his

personal USAA bank account the aggregate amount of $685,000.  (Statement of Facts No. 28.)  Also, between October 16, 2016, and February 28, 2017, Layfield wired from L&B's Trust account to Layfield's personal USAA account, the aggregate amount of $317,500.  (Statement of Facts No. 29.)

Mr. Layfield's claims he recently acquired various Proofs of Claim that Maximum Legal Holdings, LLC, Maximum Legal Services, LLC, 855 TrialLawyers.com KPO, Ltd. and Layfield V, LLC filed against L&B (the "Acquired Claims") and that he is entitled to a setoff against L&B's claim against Mr. Layfield. The Bar Date in the L&B case was February 5, 2018.  (L&B Bankr., Docket No. 133.) All the Acquired Claims were filed after the Bar Date.  (Proofs of Claim Nos. 304, 306 and 307.)  Moreover, even if the Acquired Claims had been timely filed, which they were not, setoff of these claims is barred under 11 U.S.C. § 553(a)(2)(A), which prohibits setoff of claims acquired after the commencement of the case.

Mr. Layfield argues he has claims for breach of contract against L&B.  Like the Acquired Claims, Mr. Layfield's Proof of Claim was filed long after the Bar Date. (Proof of Claim No. 305.)  Moreover, Mr. Layfield's alleged claim for breach of contract against L&B does not arise from the same transaction or occurrence as the L&B Trustee's claim.  Thus, even if Mr. Layfield had timely filed his Proof of Claim, which he did not, that Proof of Claim would not give rise to a *bona fide* dispute.  *See Seko Investment, Inc*., 156 F.3d at 1008-1009 (counterclaim arising out of a transaction or occurrence other than the transaction or occurrence on which the petitioning creditor's claim is based, cannot be relied on to create a *bona fide* dispute).

3.    ***Alliance's Claim***

Alliance's claim is not the subject of a *bona fide* dispute.  Mr. Layfield's Declaration does not deny that he is indebted to Alliance.  Instead, Mr. Layfield makes the wholly unsupported argument that Alliance is partially responsible for its losses.  Mr. Layfield also argues that the amount he owes to Alliance is unclear because Alliance may have received payments of which he is not aware.  Mr. Layfield's conclusory statements regarding the amount of Alliance's claim do not give rise to a *bona fide* dispute.

### C.     Mr. Layfield Is Generally Not Paying His Debts As They Become Due.

Under 11 U.S.C. § 303(h)(1), the Petitioning Creditors are entitled to an order for relief if Mr. Layfield is generally not paying his debts as they become due and such debts are not the subject to *bona fide* dispute.  Here, it is undisputed that Mr. Layfield is generally not paying his debts as they become due.  Mr. Layfield has not paid the amounts he was ordered to pay by the California State Bar Court.  Moreover, Mr. Layfield has not paid Wellgen, the L&B Trustee and/or Alliance.

## IV.     CONCLUSION

For the reasons set forth above, Wellgen prays that this Court grant this Motion, enter the order for relief requested in the Involuntary Petition and grant such further relief as it deems just and proper.

Dated: November _6_, 2018                      WEILAND GOLDEN GOODRICH LLP

                                               By:____/S/ JEFFREY GOLDEN_____
                                                   Jeffrey I. Golden
                                                   Attorneys for Wellgen Standard,
                                                   LLC


                                               BRADLEY ARANT BOULT CUMMINGS
                                               LLP

                                               By:____/S/ROGER G. JONES_____
                                                   Roger G. Jones
                                                   Attorneys for Wellgen Standard,
                                                   LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**650 Town Center Drive, Suite 600, Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*):  **WELLGEN STANDARD, LLC'S MOTION FOR SUMMARY JUDGMENT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On (*date*) **November 6, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.    SERVED BY UNITED STATES MAIL**:
On (*date*) **November 6, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served)**:**  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **November 6, 2018**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Neil Bason, 255 E. Temple Street, Los Angeles, CA  90012

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 6, 2018 | Kelly Adele | *Kelly Adele* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                    **F 9013-3.1.PROOF.SERVICE**
0.0

**VIA OVERNIGHT MAIL/EMAIL**

Philip James Layfield
c/o Maximum Legal Holdings, LLC
8 The Green, Ste 6426
Dover, DE  19901
Email: phil@maxium.global

**VIA OVERNIGHT MAIL**

Alliance Legal Solutions, Inc.
501 S. Sharon Amity Road
Charlotte, NC  28211-3099

Bofi Federal Bank
4350 La Jolla Village Drive, Ste 140
San Diego, CA  92122

Richard M. Pachulski
10100 Santa Monica Boulevard, #1300
Los Angeles, CA  90067

**Electronic Mail Notice List**

Wesley H Avery (TR)    wes@averytrustee.com,
C117@ecfcbis.com;lucy@averytrustee.com;alexandria@averytrustee.com
Beth Gaschen    bgaschen@wgllp.com,
kadele@wgllp.com;vrosales@wgllp.com;cbmeeker@gmail.com;cyoshonis@wgllp.com
Jeffrey I Golden    jgolden@wgllp.com, kadele@wgllp.com;vrosales@lwgfllp.com;cbmeeker@gmail.com
Malhar S Pagay    mpagay@pszjlaw.com, mpagay@pszjlaw.com
Faye C Rasch    frasch@wgllp.com, kadele@wgllp.com;tziemann@wgllp.com
Jeffrey L Sumpter    jsumpter@epiqtrustee.com, jsumpter@cbiz.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Dennis J Wickham    wickham@scmv.com, nazari@scmv.com