GOODMAN & ASSOCIATES
Karen M. Goodman, State Bar No. 117423
3840 Watt Ave, Bldg A
Sacramento, CA 95821
Telephone: 916-643-0600
www.goodman-law.com



FILED
NOV 21 2018
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:           Deputy Clerk

Attorneys for Mitchell Tyler Middleton

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>PHILIP JAMES LAYFIELD,<br><br>Debtor. | ) Case No. 2:18-bk-15829-NB<br>)<br>) Chapter 7<br>)<br>) Hon. Neil W. Bason<br>)<br>) **JOINDER TO INVOLUNTARY**<br>) **PETITION**<br>) |

TO THE HONORABLE NEIL W. BASON, UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE ALLEGED DEBTOR AND PARTIES IN INTEREST:

Mitchell Tyler Middleton ("Mr. Middleton"), by and through his undersigned counsel, hereby files this joinder (the "Joinder") to the Involuntary Petition dated May 21, 2018 (the "Involuntary Petition") filed by Wellgen Standard, LLC, Alliance Legal Solutions, LLC, and Richard M. Pachulski, Chapter 11 Trustee of Layfield & Barrett, APC (collectively, the "Petitioning Creditors") against Mr. Philip Layfield (the "Alleged Debtor").

1. Pursuant to 11 U.S.C. § 303(c), after the filing of a petition but before the case is dismissed or relief is ordered, a creditor holding an unsecured claim that is not contingent may join in an involuntary petition.

2. As of the date hereof, the above-captioned case has not been dismissed and no order for relief has been entered.

3. As set forth in the Declaration of Mitchell Tyler Middleton dated as of November 9, 2018, on August 15, 2016, Layfield & Barrett, APC ("Layfield & Barrett") deposited $450,414.96 of Mr. Middleton's funds into Layfield & Barrett's client trust account and then misappropriated those funds.

4. By his own admission, the Alleged Debtor was the President and owner of Layfield & Barrett and in charge of Layfield & Barrett's client trust account. *In re Layfield & Barrett, APC*, Case No. 2:17-bk-19548-NB (C.D. Cal. 2017) (Docket No. 18, ¶¶ 1 and 45.)

5. Although in charge of Layfield & Barrett's client trust account, the Alleged Debtor has never accounted for or paid over the $450,414.96 to Mr. Middleton. Thus, Mr. Layfield is liable to Mr. Middleton for such funds. *See Blackmon v. Hale*, 1 Cal.3d 548, 559, 463 P.2d 418, 83 Cal.Rptr. 194 (1970) (In Bank).

6. Mr. Middleton holds an unsecured, non-contingent claim against Mr. Layfield in the amount of $450,414.96.

7. Accordingly, Mr. Middleton joins in and supports entry of the Order for Relief requested in the Involuntary Petition.

Dated: November 20, 2018

_____
Mitchell Tyler Middleton