WEILAND GOLDEN GOODRICH LLP
Jeffrey I. Golden, State Bar No. 133040
jgolden@wgllp.com
Faye Rasch, State Bar No. 253838
frasch@wgllp.com
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone 714-966-1000
Facsimile 714-966-1002

BRADLEY ARANT BOULT CUMMINGS LLP
Roger G. Jones (admitted *pro hac vice*)
1600 Division Street
Suite 700
Nashville TN  37219
615-252-2323
rjones@bradley.com

Attorneys for Wellgen Standard, LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: <br><br> PHILIP JAMES LAYFIELD, <br><br> Debtor. | ) Case No. 2:18-bk-15829-NB <br> ) <br> ) Chapter 7 <br> ) <br> ) Hon. Neil W. Bason <br> ) <br> ) **WELLGEN STANDARD,** <br> ) **LLC'S OBEJCTION TO ALLEGED** <br> ) **DEBTOR'S MOTION TO** <br> ) **TRANSFER VENUE TO THE** <br> ) **BANKRUPTCY COURT FOR THE** <br> ) **DISTRICT OF DELAWARE** <br><br> DATE: December 6, 2018 <br> TIME: 10:00 A.M. <br> CTRM: 1545 <br>     255 E. Temple Street <br>     Los Angeles, California 90012 |

WELLGEN STANDARD, LLC'S OBJECTION TO MOTION TO TRANSFER VENUE

1  TO THE HONORABLE NEIL W. BASON, UNITED STATES
2  BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATES
3  TRUSTEE, THE DEBTOR AND PARTIES IN INTEREST:
4      Wellgen Standard, LLC ("Wellgen"), successor in interest to Advocate Capital,
5  Inc. ("Advocate"), hereby objects to the Motion to Transfer Venue to the Bankruptcy
6  Court for the District of Delaware (the "Motion to Transfer Venue") filed by the alleged
7  debtor, Mr. Philip Layfield ("Mr. Layfield").
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I. PROCEDURAL BACKGROUND

On May 21, 2018, Wellgen, Alliance Legal Solutions, LLC ("Alliance"), and Richard M. Pachulski, Chapter 11 Trustee of Layfield & Barrett, APC (the "L&B Trustee") filed an involuntary petition (the "Involuntary Petition") against the alleged debtor, Mr. Philip James Layfield ("Layfield"). On May 23, 2018, Wellgen moved for the appointment of an interim trustee pursuant to 11 U.S.C. § 303(g). (Docket No. 5.) On May 30, 2018, this Court granted Wellgen's motion, and Mr. Wesley H. Avery was appointed the interim trustee (the "Interim Trustee"). (Docket Nos. 13 and 15.) Although an order for relief has not yet been entered, Mr. Layfield filed the Motion to Transfer Venue in the event that an order for relief is entered.

## II. ARGUMENT

Mr. Layfield's Motion to Transfer Venue asserts that venue is not proper in this Court under 11 U.S.C. § 1408(1). However, as Mr. Layfield knows full well, the Petitioning Creditors do not rely on, and have never asserted that venue is proper in this Court under, Section 1408(1). Instead, the Petitioning Creditors rely on, and the Involuntary Petition asserts that venue is proper in this Court under, 11 U.S.C. § 1408(2). Under Section 1408(2), "a case under Title 11 may be commenced in the district court for the district … in which there is a case pending under title 11 concerning such person's affiliate …." Here, there is a case pending under title 11 concerning Mr. Layfield's affiliate, Layfield & Barrett, APC ("L&B"). *In re Layfield & Barrett, APC*, Case No. 2:17-bk-19548-NB (the "L&B Case"). According to Mr. Layfield, he is the president and sole beneficial owner of L&B. (L&B Case, Docket No. 18, ¶ 1.) Thus, L&B is an affiliate of Mr. Barrett, *see* 11 U.S.C. § 101(2), and, therefore, venue is proper in this Court Section 1408(2).

1

Mr. Layfield also asks this Court to transfer venue to the Bankruptcy Court for the District of Delaware pursuant to 11 U.S.C. § 1412 and Rule 1014 of the Federal Rules of Bankruptcy Procedure, which permits the transfer of a case to another district if the Court determines that such transfer is in the interest of justice or the convenience of the parties. The court in *In re Lopez*, 2008 WL 7907340 (Bankr. S.D. Cal. 2008), set forth the standards to be applied in reviewing Mr. Layfield's Motion to Transfer Venue:

> The analysis of the combination of "interest of justice" and "convenience of parties" under § 1412 and Rule 1014 is fact specific to each case and necessarily requires the exercise of discretion based on the totality of the circumstances, which may include considerations regarding witnesses and the presentation of evidence. ***The party urging a change of venue has the burden of showing, by a preponderance of the evidence, that the transfer is warranted***. The resolution of an issue of venue is left to the sound discretion of the trial court, but the power of the court to transfer venue should be exercised cautiously. *Id*.
>
> Several non-exclusive factors, which generally amounts to a totality-of-circumstances analysis, are to be considered: (1) proximity of creditors to Court; (2) proximity of debtor to Court; (3) proximity of witnesses necessary to administration of the estate; (4) location of assets; (5) economic and efficient administration of the case; (6) need for further administration if liquidation ensues.

*Id*. at *1-2. In addition to the factors identified in *Lopez,* factors, courts have considered, "a state's interest in having local controversies decided within its borders." *In re Standard Tank Cleaning Corp.*, 133 B.R. 562, 567 (Bankr. E.D.N.Y.1991); *see also In re Condor Exploration, LLC*, 249 B.R. 370, 378 (Bankr. D. Colo. 2003).

**1.    Proximity of Creditors**

Mr. Layfield has not yet filed any schedules, and his Motion to Transfer Venue does not contain any discussion of any creditors other than the Petitioning Creditors.

2

The obvious reason for Mr. Layfield's omission is that the vast majority of Mr. Layfield's creditors are located in California. Indeed, at his recent deposition, Mr. Layfield could not identify a single creditor located in Delaware. (Transcript of Deposition of Philip Layfield, Docket No. 142 ("Layfield Dep.") at pp. 218, Line 19- 219, Line 19.)

Mr. Layfield is the president and sole shareholder for L&B and the vast majority of Mr. Layfield's creditors arise from L&B's implosion including, but not limited to, Mr. Layfield's misappropriation of client funds. "Approximately 73 L&B clients … submitted claims to the California State Bar indicating that they had not received their settlement funds from L&B. The State Bar estimates that the settlement amounts owed to the 73 former L&B clients total at least $8.6 million." (*See* Affidavit of Mark E. Speidel ¶ 11(d), a copy of which is attached as Exhibit E to Request for Judicial Notice of Petitioning Creditor, Richard M. Pachulski, filed in this case (Docket No. 83). The California State Bar Court found that Mr. Layfield misappropriated client funds belonging to three (3) California residents totaling approximately $3,400,000 in the aggregate. (*See* Decision and Order of Involuntary Inactive Enrollment entered by the California State Bar Court on May 18, 2018, a copy of which is attached as Exhibit A to Request for Judicial Notice of Petitioning Creditor, Richard M. Pachulski, filed in this case (Docket No. 83).

The fact that two (2) of the Petitioning Creditors are located outside California does not militate in favor of venue in Delaware. Mr. Layfield is, in effect, arguing that venue in Delaware would be more convenient for the Petitioning Creditors. The Petition Creditors are in a better position to judge what is convenient to them rather than Mr. Layfield. This factor weighs heavily in favor of venue remaining in this Court.

### 2. **Proximity of Debtor**

Mr. Layfield did not relocate to Delaware until after the Involuntary Petition was filed and he was released on bail. Under the terms of his bail, Mr. Layfield is permitted to travel to California with the approval of pretrial serves. (Layfield Dep. at p. 224, Lines 21-25.) Mr. Layfield's criminal trial is scheduled for February 26, 2019. Mr. Layfield may not be a resident of Delaware much longer. Even if under these circumstances the proximity of the debtor weighed in favor of venue in Delaware, this factor is entitled to no more weight than any other factor. *Lopez*, 2008 WL 7907340 at *2.

### 3. **Location of Assets**

According to Mr. Layfield's Motion to Transfer Venue, his assets, to the extent he has any assets other than potential litigation claims, are located in Delaware. At his recent deposition, Mr. Layfield testified that he has no assets in Delaware other than an account at M&T Bank with a balance of a few hundred dollars and that there are no financial records in Delaware other than bank statements for the M&T account and copies of his 2016 and 2017 tax returns. (Layfield Dep. at. pp. 193, Line 15-194, Line 17 and 206, Lines 6-14). To the extent Mr. Layfield has any litigation claims, those claims are property of Mr. Layfield's bankruptcy estate and may be prosecuted in this Court. Since Mr. Layfield was a resident of California before L&B imploded and he fled to Costa Rica, discovery and recovery of assets is much more likely in California than Delaware. Mr. Layfield did not move to Delaware until after the Involuntary Petition was filed and he was released on bail. This factor weighs heavily in favor of venue remaining in this Court.

WELLGEN STANDARD, LLC'S OBJECTION TO MOTION TO TRANSFER VENUE

**4.     Proximity of Witnesses Necessary to Administration of Estate**

Mr. Layfield identifies not a single witness, other than himself, that is located in Delaware. On the other hand, as Mr. Layfield notes, he resided in California until June 2017 when he fled to Costa Rica. Witnesses regarding Mr. Layfield's assets and the disposition of those assets prior to his flight to Costa Rica are most likely in California and not Delaware. The vast majority of creditors filing actions under 11 U.S.C. §§ 524 and 527, like the 73 former clients of L&B whose funds Mr. Layfield misappropriated, and potential witnesses in those actions, are almost all located in California. This factor weighs heavily in favor of venue remaining in this Court.

**5.     Economic and Efficient Administration of the Estate**

Mr. Layfield makes the conclusory statement that this case can be most efficiently managed by the Bankruptcy Court in Delaware because "any appraiser, property manager, examiner or trustee will need to operate primarily in Delaware." Mr. Layfield's assertion is absurd. First, Mr. Layfield failed to identify a single asset in Delaware that would need to be managed or appraised. Second, the litigation claims that Mr. Layfield has identified so far arise from L&B's implosion and other events and transactions that occurred in California and are in effect malicious prosecution claims. Mr. Layfield has not yet prevailed in his criminal case, and, therefore, any malicious prosecution claim is entirely speculative. Third, as discussed above, the vast majority of Mr. Layfield's creditors are located in California, and, therefore, objection to claims and nondischargeability actions can be more efficiently managed in California. Fourth, Mr. Layfield lived in California until June 2017, when he fled to Costa Rica. The investigation and recovery of any assets disposed of by Mr. Layfield can be more efficiently managed in California. Fifth, the L&B Case is pending in this Court, and it

will be much more efficient for this case and the L&B Case to proceed in the same court. Finally, this Court is entirely familiar with L&B's implosion and many of the issues related thereto, an interim trustee has already been appointed and the interim trustee has engaged both counsel and a financial advisor. This factor weighs heavily in favor of venue remaining in this Court.

### 6. Need for Further Administration if Liquidation Ensues

Mr. Layfield argues, if a liquidation is necessary, his assets are located in Delaware. This is already a liquidation. Moreover, as discussed above, Mr. Layfield has not identified a single asset located in Delaware. This factor weighs heavily in favor of venue remaining in this Court.

### 7. California's Interest

California has an interest in resolving this matter in California. As discussed above, approximately 73 L&B clients submitted claims to the California State Bar because Mr. Layfield misappropriated their settlement funds. All these 73 clients have claims and potential actions against Mr. Layfield under Section 524. California has an interest in ensuring that these claims are resolved in California and that these 73 clients are not inconvenienced any more than they already have been and certainly not for the convenience of Mr. Layfield. This factor weighs heavily in favor of venue remaining in this Court.

### III. CONCLUSION

At his recent deposition, Mr. Layfield admitted that the only reason for transferring this case to Delaware is that he now claims to be a resident of Delaware and does not wish to travel to California. (Layfield Dep. at p. 225, Lines 1-5.) Mr. Layfield's convenience is not a sufficient basis to transfer this case to Delaware.

1 | Thus, Wellgen prays that this Court deny Mr. Layfield's Motion to Transfer
2 | Venue and grant such further relief as it deems just and proper.

3 | Dated:  December 3, 2018          WEILAND GOLDEN GOODRICH LLP

5 |                                   By:   /S/ JEFFREY GOLDEN
                                            Jeffrey I. Golden
6 |                                         Attorneys for Wellgen Standard,
                                            LLC

8 |                                   BRADLEY ARANT BOULT CUMMINGS
9 |                                   LLP

10 |                                  By:   /S/ROGER G. JONES
                                            Roger G. Jones
11 |                                        Attorneys for Wellgen Standard,
                                            LLC

(Lines 4, 7, 12–28 blank)

---

7

WELLGEN STANDARD, LLC'S OBJECTION TO MOTION TO TRANSFER VENUE

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**650 Town Center Drive, Suite 600, Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*): **WELLGEN STANDARD, LLC'S OBJECTION TO ALLEGED DEBTOR'S MOTION TO TRANSFER VENUE TO THE BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **December 4, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **December 4, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served)**:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **December 4, 2018**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Neil Bason, 255 E. Temple Street, Los Angeles, CA  90012

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 4, 2018 | Kelly Adele | /s/ Kelly Adele |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**
0.0

**VIA EMAIL**
Philip J. Layfield
c/o Maximum Legal Holdings, LLC
8 The Green, Suite 6426
Dover, DE 19901
Email: phil@maximum.global

**Electronic Mail Notice List**
Wesley H Avery (TR) wes@averytrustee.com, C117@ecfcbis.com;lucy@averytrustee.com;alexandria@averytrustee.com
Beth Gaschen bgaschen@wgllp.com, kadele@wgllp.com;vrosales@wgllp.com;cbmeeker@gmail.com;cyoshonis@wgllp.com
Jeffrey I Golden jgolden@wgllp.com, kadele@wgllp.com;vrosales@lwgfllp.com;cbmeeker@gmail.com
Yana G Henriks yhenriks@law-mh.com, rmcmurray@law-mh.com
Malhar S Pagay mpagay@pszjlaw.com, mpagay@pszjlaw.com
Faye C Rasch frasch@wgllp.com, kadele@wgllp.com;tziemann@wgllp.com
Jeffrey L Sumpter jsumpter@epiqtrustee.com, jsumpter@cbiz.com
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
Dennis J Wickham wickham@scmv.com, nazari@scmv.com