Jeffrey I. Golden, State Bar No. 133040
jgolden@wgfllp.com
Beth E. Gaschen, State Bar No. 245894
bgaschen@wgllp.com
Ryan W. Beall, State Bar No. 313774
rbeall@wgllp.com
**WEILAND GOLDEN GOODRICH LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Attorneys for Chapter 7 Trustee
Wesley H. Avery

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:18-bk-15829-NB |
| PHILIP JAMES LAYFIELD, | Chapter 7 |
| Debtor. | **REPLY TO OPPOSITION TO MOTION FOR ORDER COMPELLING DEBTOR TO APPEAR AT CONTINUED § 341(a) EXAMINATION AND FOR ORDER AUTHORIZING TRUSTEE TO FILE AFFIDAVIT FOR ORDER PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2005; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS OF JEFFREY I. GOLDEN AND WESLEY H. AVERY IN SUPPORT** |
| | **DATE:    February 26, 2019**<br>**TIME:    2:00 p.m.**<br>**PLACE:   Courtroom 1545**<br>**            255 E. Temple Street**<br>**            Los Angeles, California 90012** |

1205366.1                                             1                                          REPLY

**TO THE HONORABLE NEIL W. BASON, UNITED STATES BANKRUPTCY JUDGE, DEBTOR AND DEBTOR'S COUNSEL, AND ALL OTHER INTERESTED PARTIES:**

Wesley H. Avery, the duly appointed and acting chapter 7 trustee (the "Trustee") for the bankruptcy estate of Philip James Layfield (the "Debtor") hereby submits this *Reply* ("Reply") to Opposition ("Opposition") to Motion for Order Compelling Debtor to Appear at Continued 341(a) Examination and for Order Authorizing Trustee to File Affidavit for Order Pursuant to Federal Rule of Bankruptcy Procedure 2005 (the "Motion"). In support of the Reply, the Trustee submits the following memorandum of points and authorities and the declarations of Jeffrey I. Golden (the "Golden Declaration") and Wesley H. Avery (the "Avery Declaration"), and respectfully represents as follows:

**I.  INTRODUCTION**

The Opposition fails to set forth any legal or factual grounds upon which the Motion should be denied. Within the Opposition, the Debtor asserts two reasons why the Trustee's Motion should be denied: (1) the Debtor will invoke his Fifth Amendment right against self-incrimination, rendering the § 341 meeting futile, and (2) the Debtor was not properly noticed and did not willfully refuse to appear at the January 17, 2019, § 341 meeting of creditors.

As to the first reason, the Debtor exhibits a fundamental misunderstanding of his right against self-incrimination. The Fifth Amendment right against self-incrimination cannot be applied as a blanket invocation and cannot be used as a basis to refuse to attend a § 341 meeting of creditors. Creditors have a right to ask the Debtor questions about his assets and liabilities and the Trustee has a statutory duty to investigate the same. If appropriate, the Debtor may invoke his Fifth Amendment privilege, but not every question could illicit such a response. For example, the Debtor seems concerned about questions regarding his liabilities, but not his assets or the other general questions that are required to be asked at the meeting of creditors. Regardless, the Debtor has a statutory duty to appear at § 341 meetings of creditors even while retaining the right to invoke the Fifth Amendment.

As to Debtor's second reason, the Trustee does not wish to force the Debtor to attend a § 341 meeting of creditors by requiring a Rule 2005 order. The Motion does not request that the Court issue a 2005 order unless and until the Debtor once again fails to attend the § 341 meeting of creditors after being compelled to do so by Court order. The Debtor can avoid this result by simply appearing at the meeting. In response to inquiries whether the Debtor will be voluntarily appearing, the Debtor and his criminal counsel stated that the Debtor would not appear at the meeting of creditors because he would invoke the Fifth Amendment.  The fact that the Debtor missed the first 341(a) meeting is not as important to the Motion as is the fact that the Debtor has indicated he will never appear at any future meeting. The Trustee is mandated to expeditiously administer this estate and to keep continuing the meeting of creditors with no hope that the Debtor will appear is contrary to this duty.  The Debtor can avoid any negative consequences he may foresee from the requested relief by voluntarily coming to the meeting of creditors.

The Debtor has advanced no relevant argument as to why the Court should deny the Motion. If anything, the Debtor's response merely strengthens the Trustee's argument that a motion to compel the Debtor to attend will be required.

## II. LEGAL ANALYSIS

### A. The Debtor's Right to Invoke the Fifth Amendment's Right Against Self-Incrimination Does Not Excuse Attendance at a § 341 Meeting of Creditors

To reiterate, the Bankruptcy Code is clear: "The debtor *shall* appear and submit to examination under oath at the meeting of creditors under section 341(a) of this title." 11 U.S.C. § 343 (emphasis added). A debtor may not use the Fifth Amendment's privilege against self-incrimination as a basis to refuse to attend the § 341 meeting of creditors. *See In re Russell*, 392 B.R. 315, 368 (Bankr. E.D. Tenn. 2008).

The Debtor contends that at the meeting he will refuse to answer any questions because creditors are likely to ask him about things that would require him to invoke the self-incrimination privilege. Somehow, without any authority or even argument explaining

why, the Debtor tries to broaden this privilege to allow him to simply not appear at the § 341 meeting. This is a fundamental misunderstanding of the Fifth Amendment's right against self-incrimination in bankruptcy.

A blanket invocation is not a proper use of the Fifth Amendment's right against self-incrimination in bankruptcy. *In re Connelly*, 59 B.R. 421, 433 (Bankr. N.D. Ill. 1986) (citing *Hoffman v. United States*, 341 U.S. 479 (1951)); 3 COLLIER ON BANKRUPTCY ¶ 344.03[3][b] (16th ed. 2017). Rather, the Debtor can refuse to testify *only* if there is (a) a compelled disclosure; (b) found to be testimonial in nature, and; (c) incriminatory. *See Andresen v. Maryland*, 427 U.S. 463 (1976). If the Debtor refuses to answer a question, the refusal to answer can be challenged and the Debtor must show there is a real danger of incrimination[1], there is some nexus of risk[2], or the information provided will provide a link in the chain of information required for prosecution[3]. If a debtor asserts the Fifth, it is the responsibility of the court to determine whether the debtor has reasonable grounds to fear that his or her answer may be self-incrimination. *In re French*, 127 B.R. 434 (Bankr. D. Minn. 1991). If the court is convinced the question cannot possibly incriminate the debtor, the testimony can be compelled. *Id.*

The reasons for these rules are clear. While there is a judicial desire to respect a debtor's ability to invoke his Fifth Amendment right against self-incrimination, doing so can shut down the administration of a bankruptcy case. Because some of the questions asked of a debtor at a § 341 meeting[4] cannot possibly be seen as requiring an incriminatory answer, a debtor must justify their invocation of the Fifth Amendment. Furthermore, civil courts can draw a negative inference from the assertion of Fifth Amendment privilege and refusal to testify at trial. *Farace v. Indep. Fire Ins. Co.*, 699 F.2d 204, 210 (5th Cir. 1983).

---

[1] *In re Morganrtoh*, 718 F.2d 161, 167 (6th Cir. 1983).

[2] *Martin-Trigona v. Gouletas*, 634 F.2d 354, 360 (7th Cir. 1980).

[3] *In re French*, 127 B.R. 434, 440 (Bankr. D. Minn. 1991).

[4] Such as asking the debtor's name, address, or other identifying information.

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

The Debtor cannot simply refuse to attend the meeting of creditors by stating he would invoke his Fifth Amendment privilege with respect to all questions. The Debtor can appear and invoke his Fifth Amendment privilege to all questions, however this would rightfully be challenged by the Trustee as to some questions, and could lead to inferences by the Court even if not challenged by the Trustee. In any event, he must appear.

Moreover, the fact that this case was commenced as an involuntary is irrelevant and provides no grounds for the Debtor's refusal to appear at the meeting of creditors. The order for relief was entered on December 12, 2018, and now the case will proceed according to the requirements of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure.

In summary, the Debtor has to attend his meeting of creditors and invoking the Fifth Amendment is not a basis for refusing to attend. Because the Debtor has stated he will not attend the meeting of creditors without a court order (and even then it is not clear that he will attend) the Court should grant the Motion compelling the Debtor's attendance.

**B.    The Debtor Had Actual Notice of the January 17, 2019, Meeting of Creditors and Has Actual Notice of the March 6, 2019, Meeting of Creditors**

The Debtor argues that he was never served and did not have knowledge of the January 17, 2019, meeting of creditors.[5] The original notice would have been served by the clerk's office to the Debtor at the address designated with the Court. Even assuming that the Debtor did not have notice of the original meeting of creditors, the Debtor is not raising this argument to show that he would have attended with notice. In fact, in the email exchange prior to the original meeting, the Debtor indicated his intent not to appear.

Moreover, since that time, the Trustee has provided the Debtor with notice of the continued meeting of creditors set for March 6, 2019. As such, the Debtor has actual

---

[5] The Motion requests that the Debtor be compelled to attend the March 6, 2019, meeting of creditors, but does not request a 2005 order unless and until Debtor refuses to attend the March 6, 2019, meeting of creditors.

knowledge of the upcoming meeting of creditors. Instead of voluntarily appearing at that time, the Debtor argues he should not have to appear ever unless ordered to. Because the Debtor has no intention of appearing at any § 341 meeting of creditors, absent a motion to compel, the Trustee will be unable to administer this case and the Debtor will remain in violation of his statutory duty.

### C. Compelling the Debtor to Attend the § 341 Meeting of Creditors is Appropriate

The Debtor asserts that being compelled to attend a § 341 meeting of creditors, a statutory duty of a debtor under Title 11, is absurd. The Debtor asserts that there are better remedies that can be used.[6] The Debtor's "remedy," however, is the Court excusing him of his statutory duty to ever attend a § 341 meeting. As explained thoroughly above, a blanket invocation of the Fifth Amendment is not allowed, refusing to attend a § 341 meeting based upon the predicted invocation of the Fifth Amendment is not allowed, and the Debtor has a statutory duty to attend. Instead, the Debtor must attend the § 341(a) meeting at which he may invoke the Fifth Amendment to proper questions. Without an order compelling the Debtor to attend, he simply will not appear.[7]

The Court has the authority to compel the Debtor to appear. The Trustee requires the Debtor to appear at a § 341 meeting in order to administer the estate. The Debtor has not given any valid reason for not appearing. As such, the Court should compel the Debtor to attend the March 6, 2019, meeting of creditors, and in the event that Debtor refuses to attend, the Court should authorize the Trustee to move for an order pursuant to Rule 2005, requiring the U.S. Marshal Service to physically compel the Debtor to attend his § 341(a) meeting.

---

[6] The Debtor's argument that a videoconference be allowed is a non-starter where there capabilities for doing such do not exist and it would affect the recording of the meeting.

[7] The Debtor's argument that it would be "absurd" to arrest him and force him to attend rings true with the Trustee. It is absurd that it would require an order forcing the U.S. Marshal Service to physically require the Debtor to appear for a § 341 meeting when the Debtor could appear voluntarily. However, without such an order, the Debtor will not appear.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1205366.1    6    REPLY

### III. CONCLUSION

The Trustee respectfully requests that the Court issue the following relief:

1. Granting this Motion and compelling the Debtor to attend the continued meeting set for March 6, 2019;

2. Issuing an order authorizing the Trustee to move for an order under Federal Rule of Bankruptcy Procedure 2005, requiring the U.S. Marshal Service to physically compel Debtor to attend his § 341(a) meeting, upon filing of an affidavit confirming that the Debtor did not appear to the continued § 341(a) meeting set for March 6, 2019; and

3. For such other and further relief as the Court may deem just and proper.

Dated: February 19, 2019         WEILAND GOLDEN GOODRICH LLP

By: /s/ *Jeffrey I. Golden*
    JEFFREY I. GOLDEN
    Special Counsel for Chapter 7 Trustee,
    Wesley H. Avery

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

## DECLARATION OF JEFFREY I. GOLDEN

I, Jeffrey I. Golden, declare as follows:

1. I am a partner in the law firm of Weiland Golden Goodrich LLP, special counsel for Wesley H. Avery the duly appointed chapter 7 trustee (the "Trustee") in the above-captioned case. I make this declaration in support of the Reply ("Reply") to Opposition ("Opposition") to Motion for Order Compelling Debtor to Appear at Continued 341(a) Examination and for Order Authorizing Trustee to File Affidavit for Order Pursuant to Federal Rule of Bankruptcy Procedure 2005 (the "Motion"). I know each of the following facts to be true of my own personal knowledge, except as otherwise stated and, if called as a witness, I could and would competently testify with respect thereto.

2. Attached hereto as Exhibit "1" is a true and correct copy of an email exchange that I had with the Debtor and his criminal counsel regarding the Debtor's appearance at the original and continued meeting of creditors pursuant to 11 U.S.C. § 341.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 19th day of February 2019, at Costa Mesa, California.

/s/ *Jeffrey I. Golden*
Jeffrey I. Golden

## DECLARATION OF WESLEY H. AVERY

I, Wesley H. Avery, declare as follows:

1. I am the Chapter 7 Trustee for the bankruptcy estate of Philip James Layfield ("Debtor"), Case No. 2:18-bk-15829-NB. I have personal knowledge of the facts set forth herein, and if called and sworn as a witness, I could and would competently testify thereto, except where matters are stated on information and belief, in which case I am informed and believe that the facts so stated are true and correct. I make this Declaration in support of the *Reply to Opposition to Motion for Order Compelling Debtor to Appear at Continued 341(a) Examination and for Order Authorizing Trustee to File Affidavit for Order Pursuant to Federal Rule of Bankruptcy Procedure 2005.*

2. The initial meeting of creditors was scheduled for January 17, 2019.

3. I provided notice of the continued meeting of creditors that is currently set for March 6, 2019.

I declare under penalty of perjury under that the foregoing is true and correct.

Executed on this 19th day of February 2019, at ____Pasadena____, California.

_____
Wesley H. Avery

| | |
|---|---|
| From: | Anthony Solis <anthonysolislaw@gmail.com> |
| Sent: | Tuesday, February 05, 2019 11:48 AM |
| To: | Jeff Golden |
| Cc: | Philip Layfield; Ryan Beall; Beth Gaschen |
| Subject: | Re: 341a Philip Layfield |

Mr. Golden:

As you aware, Mr. Layfield is charged as a defendant in federal criminal case, *United States v. Layfield*, 18-cr-124-MWF (CA-CD). The case is pending, with a trial date of September 2019. I have conferred with Mr. Layfield about the matter. In light of the pending criminal matter, he will invoke his 5th Amendment privilege as to every material matter raised at the 341 hearing. If you seek a order to compel, I will intervene in the matter as his criminal counsel and oppose such a motion, mainly because since he intends to invoke, as is his right. Making him come from Delaware to Los Angeles merely to invoke would be merely punitive. If you file your motion please promptly serve me with a copy so that I timely respond. Thank you.

Anthony Solis

On Tue, Feb 5, 2019 at 11:33 AM Jeff Golden <jgolden@lwgfllp.com> wrote:

Mr. Solis and Mr. Layfield,

Please be advised as indicated previously that we are filing a motion to compel Mr. Layfield's examination at the section 341 meeting. If you are willing to voluntarily attend, please advise immediately. I have not heard back from either of you to date.

Thank you.

1

EXHIBIT 1 PAGE 10

**From:** Philip Layfield [mailto:phil@maximum.global]
**Sent:** Thursday, January 17, 2019 10:55 AM
**To:** Jeff Golden <jgolden@lwgfllp.com>
**Cc:** Wesley Avery <wes@averytrustee.com>; Ryan Beall <rbeall@lwgfllp.com>; Beth Gaschen <BGaschen@lwgfllp.com>; Anthony Solis <anthonysolislaw@gmail.com>
**Subject:** Re: 341a Philip Layfield

Dear Mr. Golden:

I think it is most appropriate for you to deal directly with Mr. Solis. Now that we've learned that you are cooperating with the government, we should not have any direct contact. I have copied his correct email on this communication.

Sent from my iPad

On Jan 16, 2019, at 5:47 PM, Jeff Golden <jgolden@lwgfllp.com> wrote:

> Hello,
>
> I am in receipt of your recent email to the bankruptcy trustee regarding your upcoming Bankruptcy Code section 341a examination. Please copy me on all future correspondence. You have a statutory duty to attend your meeting of creditors and to cooperate with the trustee under Bankruptcy Code section 521. At the meeting, you can answer questions or may assert the 5th Amendment as you indicated you may do, but you must attend. As you know, there is no stay of the civil proceeding pending the outcome of the criminal proceeding. The arguments you raised in your email are not valid or proper bases for an objection or failure to appear. Accordingly, you must appear. Please confirm that you will do so. Otherwise, we will file a motion to compel your attendance by court order as well as an order enforcing that attendance, if necessary. See Bankruptcy Rule 2005 (apprehension and removal of debtor to compel attendance for examination).
>
> I am copying your criminal counsel as you suggested for a response from either of you and I am available to discuss.
>
> Please let me know immediately your intentions with respect to appear at either the upcoming 341a or we can let you know when the next date is. Otherwise, we will proceed to file the motion requiring you to comply with your statutory obligations under title 11.

Thank you.

&lt;image001.jpg&gt;

**Jeffrey Golden**
Attorney
**Weiland Golden Goodrich LLP**

&lt;image002.png&gt;

website   bio   vcard   e-mail

650 Town Center Drive, Suite 600
Costa Mesa, CA 92626
714-966-1000 (Phone)
714-966-1002 (Fax)

**Confidentiality Notice**: This communication (including any attachments) is only for the use of the intended recipient and may contain confidential and/or privileged information. If any reader of this communication is not the intended recipient, then any use, disclosure or copying is strictly prohibited and may be unlawful. If you have received this communication in error, then please immediately notify the sender by return email, and delete this communication and all copies from your system. Thank you.

**IRS Circular 230 Disclosure**: Only formal opinions satisfying specific requirements may be relied on for the purpose of avoiding certain penalties under the Internal Revenue Code. This communication is not intended as an opinion for purposes of satisfying any such requirements, and any advice contained in this communication (including any attachments) cannot be used or relied upon for the purpose of avoiding penalties under the Internal Revenue Code, or for the purpose of promoting, marketing or recommending to anyone any transaction or matter addressed herein.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

This message is confidential. It may also be privileged or otherwise protected by the work product doctrine or other legal rules. If you have received it by mistake, please let us know by e-mail reply, and delete it from your system. You may not copy this message or disclose its contents to anyone. The integrity and security of this message cannot be guaranteed on the Internet.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

3

EXHIBIT 1  PAGE  12

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

--
Anthony M. Solis
A Professional Law Corporation
23679 Calabasas Road, Suite 412
Calabasas, CA 91302-1502
213-489-5880 – Phone
213-489-5923 – Fax
213-220-5274 - Mobile
anthonysolislaw@gmail.com
www.anthonysolis.com

This message is a confidential communication. It may be an attorney-client communication and, as such, privileged and confidential. If you are not the intended recipient, please do not read, copy or use it and do not disclose it to others. Notify the sender of the error by replying to this message, then delete it from your system.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**650 Town Center Drive, Suite 600, Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*): **REPLY TO OPPOSITION TO MOTION FOR ORDER COMPELLING DEBTOR TO APPEAR AT CONTINUED § 341(A) EXAMINATION AND FOR ORDER AUTHORIZING TRUSTEE TO FILE AFFIDAVIT FOR ORDER PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2005; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS OF JEFFREY I. GOLDEN AND WESLEY H. AVERY IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **February 19, 2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **February 19, 2019**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served)**:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **February 19, 2019**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Neil Bason, 255 E. Temple Street, Los Angeles, CA 90012

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 19, 2019 | Kelly Adele | *(signed)* Kelly Adele |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                         **F 9013-3.1.PROOF.SERVICE**
1205366.2

Case 2:18-bk-15829-NB    Doc 194    Filed 02/19/19    Entered 02/19/19 14:58:19    Desc
                        Main Document    Page 15 of 15

**VIA OVERNIGHT MAIL/EMAIL**
Philip Layfield
8 The Green, Suite 6426
Dover, DE 19901
Email: phil@maximum.global


Anthony M. Solis
A Professional Law Corporation
23679 Calabasas Road, Suite 412
Calabasas, CA  91302-1502
Email: anthonysolislaw@gmail.com


**Electronic Mail Notice List**
Wesley H Avery (TR)     wes@averytrustee.com,
C117@ecfcbis.com;lucy@averytrustee.com;alexandria@averytrustee.com
Beth Gaschen     bgaschen@wgllp.com,
kadele@wgllp.com;vrosales@wgllp.com;cbmeeker@gmail.com;cyoshonis@wgllp.com
Jeffrey I Golden     jgolden@wgllp.com, kadele@wgllp.com;vrosales@lwgfllp.com;cbmeeker@gmail.com
Karen Goodman     legalstaff1@goodman-law.com
Yana G Henriks     yhenriks@law-mh.com, rmcmurray@law-mh.com;sridgill@law-mh.com
Malhar S Pagay     mpagay@pszjlaw.com, mpagay@pszjlaw.com
Faye C Rasch     frasch@wgllp.com, kadele@wgllp.com;tziemann@wgllp.com
Jeffrey L Sumpter     jsumpter@epiqtrustee.com, jsumpter@cbiz.com
United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov
Dennis J Wickham     wickham@scmv.com, nazari@scmv.com