| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Philip J. Layfield, Pro Se<br>c/o Maximum Legal Holdings, LLC<br>8 The Green<br>Suite 6426<br>Dover, Delaware 19901<br>Telephone (302) 401-6806<br><br>☒ Individual appearing without attorney<br>☐ Attorney for: |  |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br>Philip James Layfield | CASE NO.: 2:18-bk-15829-NB<br>CHAPTER: 7 |
|---|---|
| | **NOTICE OF MOTION FOR:**<br>Motion to Dismiss Pursuant to Section 305<br><br><br>*(Specify name of Motion)* |
| Debtor(s). | DATE: 04/30/2019<br>TIME: 11:00 am<br>COURTROOM: 1525<br>PLACE: 255 East Temple Street<br>Los Angeles, California |

1. TO *(specify name)*: The Honorable Neil Bason, The United States Trustee and all Parties in Interest

2. NOTICE IS HEREBY GIVEN that on the following date and time and in the indicated courtroom, Movant in the above-captioned matter will move this court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith. Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.

3. **Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                  Page 1                              F 9013-1.1.HEARING.NOTICE

4. **Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response with the court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date. If you fail to file a written response to this Motion within such time period, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

5. **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according to the judge's self-calendaring procedures.

Date: 03/24/2019

Philip James Layfield, Pro Se
Printed name of law firm

_____
Signature

Philip James Layfield
Printed name of attorney

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012    Page 2    F 9013-1.1.HEARING.NOTICE

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Served Pursuant to Order Establishing Protocol for Filing and Serving Papers

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION FOR** (*specify name of motion*)
Motion to Dismiss

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
Served Pursuant to Order Establishing Protocol for Filing and Serving Papers

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Served Pursuant to Order Establishing Protocol for Filing and Serving Papers

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Served Pursuant to Order Establishing Protocol for Filing and Serving Papers

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 03/24/2019 | Philip Layfield | _/s/ signature_ |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012     Page 3     F 9013-1.1.HEARING.NOTICE

| | |
|---|---|
| 1 | Philip J. Layfield |
| 2 | 8 The Green<br>Suite 6426 |
| 3 | Dover, Delaware 19901 |
| 4 | (302) 401-6804<br>phil@maximum.global |
| 5 | Alleged Debtor |

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

In re:

Philip James Layfield

Debtor,

Case No.: 2:18-bk-15829-NB

Chapter 7
Assigned to: Hon. Neil Bason

**Debtor's Motion to Dismiss Pursuant to 11 U.S.C. § 305(a)(1) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF (WITH ATTACHED DECLARATIONS AND OTHER EXHIBITS).**

Hearing Date: April 30, 2019
Hearing Time: 11:00am
Place: Courtroom 1545
    255 E. Temple Street
    Los Angeles, CA 90012

PHILIP J. LAYFIELD'S
MOTION TO DISMISS PURSUANT TO SECTION 305
CASE NO.: 2:18-bk-15829-NB
PAGE 1

| | |
|---|---|
| 1 | **TO THE HONORABLE NEIL W. BASON, UNITED STATES BANKRUPTCY** |
| 2 | **JUDGE; WESLEY H. AVERY-INTERIM, CHAPTER 7 TRUSTEE; AND THE** |
| 3 | **OFFICE OF THE UNITED STATES TRUSTEE:** |
| 4 | |
| 5 | YOU ARE HEREBY NOTIFIED THAT on April 30, 2019, at 11:00 a.m., or as soon |
| 6 | thereafter as the matter can be heard, before the Honorable Neil Bason, United States |
| 7 | Bankruptcy Judge, in Courtroom 1525, located at 255 East Temple Street, Los Angeles, |
| 8 | California, alleged debtor Philip James Layfield will bring before the Court its motion entitled |
| 9 | |
| 10 | "Motion to Dismiss Pursuant to Section 305" (the "Motion"), seeking the dismiss or suspend |
| 11 | these proceedings. |
| 12 | YOU ARE ALSO HEREBY NOTIFIED that the Motion is based upon this Notice of |
| 13 | Motion and Motion, the attached Memorandum of Points and Authorities (with the |
| 14 | declarations and exhibits attached thereto), the records and files in the above-captioned |
| 15 | |
| 16 | chapter 7 case, and such additional evidence and argument as may be presented at or before |
| 17 | the hearing on the Motion. |
| 18 | PLEASE TAKE FURTHER NOTICE that pursuant to Local Bankruptcy Rule 9013- |
| 19 | 1(f), a formal response to the Motion must be filed with the Bankruptcy Court and served on |
| 20 | |
| 21 | Alleged Debtor, Philip James Layfield at least fourteen (14) days before the hearing. Pursuant |
| 22 | to Local Bankruptcy Rule 9013-1(h), failure to file and serve timely a response in accordance |
| 23 | with the Local Bankruptcy Rules may be deemed by the Bankruptcy Court to be consent to |
| 24 | the granting of the relief requested in the Motion. |
| 25 | |
| 26 | Dated: March 24, 2019                              _____ |
| |                                                         Philip James Layfield, Pro Se |
| 27 | |
| 28 | |

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Philip James Layfield ("Layfield") was forced into an Involuntary by three alleged creditors on May 21, 2018. Layfield is a resident and domiciled in the State of Delaware. At the time of being forced into these bankruptcy proceedings, Debtor objected to being forced into bankruptcy based on procedural and substantive defects relating to the 3 alleged creditors. Ultimately, this court ruled in favor of the creditors based on a perceived need for the Debtor to obtain relief from his debts through the bankruptcy process.

At the time this bankruptcy was filed, debtor was already under indictment in a criminal case pending in this judicial district in a case titled United States of America v. Layfield Case No. 2:18-00124-MWF. The initial indictment alleged that debtor defrauded a client out of several million dollars and fled the country. During the pendency of this bankruptcy case, the government has obtained a First Superseding Indictment ("FSI") which has dramatically expanded the scope and breadth of the allegations against debtor and has now including allegations that debtor basically devised a scheme to defraud each and every person he ever came into contact with, including the three original petitioning creditors. In addition, on March 18, 2019, several debtors have filed non-dischargeability actions against debtor. Each of those alleged creditors are also purported victims of debtor's alleged scheme.

Including within the FSI are forfeiture allegations and restitution demands. If debtor is found guilty in the criminal proceedings, the government contends that debtor's assets would be subject to forfeiture, debtor would be responsible for millions of dollars in fines, debtor would be responsible for millions of dollars in restitution and debtor would face dozens of years in potential jail time.

In light of the serious allegations against debtor in the criminal setting, obtaining a discharge for some de minimis debts seems trivial if not pointless since no there appears to be no legitimate purpose to force debtor through a bankruptcy proceeding at this time. While debtor is fighting for his life and liberty, this court is entertaining a mean spirited "side-show"

attack on debtor for no legitimate purpose other than to harass debtor and to inflict unnecessary harm on debtor. Furthermore, because of then direct relation of the FSI to the most active creditors in this bankruptcy process, debtor has been advised by counsel to exercise his 5th Amendment rights in the context of these bankruptcy proceedings. That means that debtor will not file schedules, will not answer questions at a 341 hearing and will not answer questions at any 2004 examination. It is not as if debtor has refused to cooperate. In fact, as the record reflects, debtor attempted to meet with the Chapter 7 Trustee during the summery of 2018 to assist in this process and was ignored, debtor showed up for his deposition and testified as ordered by this court and debtor attempted to appear by video conference for his 341 hearing, but was again ignored by the Chapter 7 Trustee.

The reality of this situation is that the Chapter 7 Trustee is being funded and represented by a creditor's law firm (which is improper), the Chapter 7 Trustee is legally conflicted from presiding over this case due to his conflict resulting from the Fred Adelman matter 2:15-bk-15952-RK (where the Chapter 7 Trustee has negotiated resolution of a multi-million dollar claim held by the Adelman Estate against Debtor and is playing both sides of the transaction, and by intentionally concealing) and the Trustee's concealment of these facts combined with the lack of diligence on the part of the Trustee shows that no legitimate purpose is being advanced other than harassment of debtor.

A fundamental goal of the federal bankruptcy laws enacted by Congress is to give debtors a financial "fresh start" from burdensome debts. The Supreme Court has made this point about the purpose of a bankruptcy law in a 1934 decision by stating, "It gives to the honest but unfortunate debtor ... a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt. *Local Loan Co v. Hunt*, 292 U.S. 234, 244 (1934). These proceedings will accomplish nothing for debtor in light of the pending criminal case. Forcing debtor into an involuntary bankruptcy for the sole purpose of claiming all debts are non-dischargeable serves no legitimate purpose.

## STATEMENT OF FACTS

1. Philip James Layfield is a resident of Delaware and domiciled in Delaware. Declaration of Philip James Layfield ("Layfield Dec.") ¶ 3

2. At the time of being appointed as Interim Trustee, Wes Avery Petitioned this Court for the employment of a financial advisor to investigate debtor's assets. To date, the Chapter 7 Trustee has failed to submit any supporting evidence that the financial advisor has done anything to investigate debtor's assets. In fact, considering that debtor is currently under indictment, it seems duplicative and unnecessary to employ a separate financial advisor to perform the same functions that are currently being employed by the FBI, Homeland Security Investigations and the IRS Criminal Division.

3. On February 5, 2019, the Chapter 7 Trustee filed a Motion to Compel Debtor's attendance at a 341 Hearing set to occur on March 6, 2019.

4. Debtor Objected to the Trustee's Motion to Compel and the Court ordered to parties to meet and confer in order to arrange the 341 hearing to occur via a video conference.

5. On March 5, 2016, Debtor communicated with the Trustee to arrange his appearance at the 341 hearing. Instead of proceeding with the 341 hearing as scheduled, the Trustee unilaterally cancelled the 341 hearing despite debtor requesting time off work to appear by video conference. ("Layfield Dec.") ¶ 6

6. On March 18, 2019, the Chapter 7 Trustee filed a Motion to Extend the Deadline to Object to Debtor's discharge stating that he needed additional time. Despite the Trustee's contention of needing more time, the Trustee has failed to establish anything other than his own lack of diligence in investigating debtor's assets.

7. The Trustee has conducted no 2004 examinations and has failed to subpoena even one record in over 10 months. Absent from the Trustee's Motion to extend is any Declaration from the Estate's employed financial advisors.

8. On March 18, 2019 Richard Pachulski and several other creditors filed adversary proceedings in debtor's case alleging in excess of $10 million in non-dischargeable

debts. The debts claimed in the adversary proceedings are the same creditors who are listed as victims in the FSI.

9. These involuntary bankruptcy proceedings are creating an enormous economic and resource burden on debtor at the same time he is forced to defend the pending criminal charges.

10. The Chapter 7 Trustee has asserted claims against Debtor in connection with his role in the Fred Adelman case.

11. Debtor's prior counsel, Jeffrey Smith actively negotiated a settlement with Wesley Avery ("Avery") in connection with Avery's role as Chapter 7 Trustee of the Adelman Estate. Layfield Dec. ¶ 8 Those claims were never resolved and Avery is now acting on both sides of the transaction. Avery's failure to disclose this conflict violates his duties and oath as Trustee of the Layfield Estate as well as the Adelman Estate and is grounds for dismissal.

## ARGUMENT

### I. DEBTOR'S CASE SHOULD BE DISMISSED BECAUSE CREDITORS AND DEBTOR WOULD BE BETTER SERVED BY DISMISSAL OR SUSPENSION

11 U.S.C. § 305(a)(1) provides that the court, after notice and a hearing, may dismiss or suspend all proceedings at any time if the interests of creditors and the debtor would be better served by such dismissal or suspension. In general, section 305 provides the bankruptcy court with significant discretion to decline, in certain circumstances, to exercise jurisdiction over a case filed under title 11 even when jurisdiction is otherwise appropriate. *In re Efron*, 535 B.R. 505, 510 (Bankr. D.P.R. 2014) *aff'd* 529 B.R. 396 (B.A.P. 1st Cir. 2015..

While the application of section 305(a) is an extraordinary remedy, its application is

appropriate in the interests of creditors and the debtor are best served by dismissal or suspension. *In re Mazzocone,* 200 568, 575 (E.D. Pa. 1996). Here, the full resources of the Department of Justice are investigating and prosecuting debtor. This is occurring at no cost to the creditors and because the creditors are the alleged victims of debtor, they will be subject to economic remedies through asset forfeitures and restitution orders at the conclusion of the criminal trial if a conviction is obtained. Furthermore, any creditors who are also former clients of debtor's former law firm are able to recover up to $100,000 from the State Bar of California Client Security Fund.

In determining whether to dismiss or abstain under section 305, courts have considered whether:

(1) There is an absence of a bankruptcy purpose;

(2) A state law proceeding is pending;

(3) Another forum is better suited to see the case;

(4) There is an efficiency and economy of administration; or

(5) The case is a two-party dispute.

See *Effron,* 535 B.R. at 511 (citing cases).

The absence of a true bankruptcy purpose (e.g., debt adjustment, breathing spell from creditors, and need for discharge and fresh start) is a significant factor in favor of granting section 305(a)(1) relief. 2 COLLIER ON BANKRUPTCY section 305.02. Here, debtor is not getting a debt adjustment, not getting a breathing spell and neither getting a discharge nor a fresh start in light of the pending criminal charges and the other restitution orders currently in place. In fact, these proceedings are being used as but another tool to harass and intimidate debtor. As evidenced from the record in this case, the Chapter 7 Trustee has taken the

outrageous position that after one missed 341 hearing, debtor should be arrested by the U.S. Marshal. In a stark contrast to the Trustee's conduct is all other cases, the Trustee appears to be acting for the sole purpose of harassing and attempting to terrorize debtor with the threat of incarceration. This court only needs to look at the Avery's conduct as the Trustee of the Adelman case where Adelman missed 25 341 hearings before any request was made to use the U.S. Marshals.

This bankruptcy case is accomplishing nothing other than an avenue for the harassment of debtor. When looking at the five factors commonly analyzed in determining whether to dismiss under section 305, this case is clearly positioned to be dismissed or stayed.

First, there is no bankruptcy purpose. Debtor will not have a fresh start at the conclusion of these proceedings. Secondly, there is not only state law proceedings pending, but there is a pending indictment. Thirdly, the criminal case is better suited to oversee this matter as it is already exercising that jurisdiction. By having the District Court oversee this case, there is an efficiency and economy of administration. Forcing the parties to litigate the same subject manner is multiple courtrooms is neither helpful nor efficient and creates the possibility of inconsistent rulings.

As if dismissal or suspension were not abundantly clear, debtor's right to 5th Amendment protection at this stage in the criminal process almost requires this case be dismissed and depending on the outcome of the criminal case, the parties can evaluate the situation at the conclusion of the criminal trial. Considering debtor is under pre-trial supervision by the District Court Pre-Trial Services Agency, the need for a Chapter 7 Trustee is duplicative at best.

## II. DEBTOR'S CASE SHOULD BE DISMISSED OR STAYED DUE TO THE PENDING AND INEXTRICABLY INTERTWINED PENDING CRIMINAL CASE

As is typically the case in civil matters, courts generally stay proceedings pending the outcome of the criminal proceedings. The reasons that courts generally grant a stay in proceedings are clear and undisputed. Courts recognize the severity of criminal charges and view it as being unfair for a defendant to be restrained from properly defending themselves in civil matters due to pending or even threatened criminal charges. Here, there is no doubt a risk to debtor and a prejudice to debtor resulting from being forced to defend criminal and civil proceedings simultaneously. To make matters worse, several of the alleged creditors have attempted to use routine litigation communications in connection with these bankruptcy proceedings and other ancillary civil proceedings to create further problems for debtor. Debtor is in possession of numerous reports where the participants in these bankruptcy proceedings have attempted to case debtor's bail to be revoked by claiming that debtor improperly contacted them in violation of his bail conditions. Nothing could be more absurd than to force debtor to litigate matters in a bankruptcy forum and them prevent debtor from communicating with any of the parties. This is precisely why this court should dismiss this case. The alleged victims are using these proceedings both as a shield and a sword against debtor. One needs to look no further than Avery's request to have debtor forcibly arrested from his home in front of his family for failing to appear at a 341 hearing. If the Chapter 7 Trustee was truly interested in obtaining information about debtor's alleged assets as opposed to simply harassing and intimidating debtor, Avery would have requested a more extensive 2004 examination, as opposed to requested to have debtor arrested.

## CONCLUSION

Based on the foregoing, the Court should enter an order dismissing or suspending these proceedings. In the alternative, this Court should deny the Chapter 7 Trustee's request for additional time to file a complaint of non-dischargeability as a result of the Chapter 7 Trustee's failure to exercise ordinary and reasonable diligence.

Dated: March 24, 2019.

By: _____
Philip J. Layfield

# DECLARATION OF PHILIP LAYFIELD

I, Philip J. Layfield, hereby Declare as follows:

1. I have personal knowledge of the facts stated herein.

2. If called upon to testify, I could and would testify to the facts stated to hereinafter.

3. I am a resident of Delaware and intend to remain a resident in the future.

4. I am currently a defendant in a pending federal criminal case which contains allegations of forfeiture, requested fines and requested restitution to the very creditors that have commenced these involuntary bankruptcy proceedings and who have commenced non-dischargeability actions in this matter.

5. My CJA appointed attorneys have advised me to exercise my 5th Amendment rights in connection with these bankruptcy proceedings.

6. I attempted to appear via video conference at the March 6, 2019 341 hearing and the March 20, 2019 341 hearing, but both were unilaterally cancelled by the Chapter 7 Trustee.

7. The Chapter 7 Trustee has claimed a need to examine my assets as the primary basis for requesting an extension to file a non-dischargeability action.

8. The Chapter 7 Trustee currently maintains an interest adverse to the bankruptcy estate and has maintained this adverse interest since the commencement of this case resulting from his appointment as the Chapter 7 Trustee for Fred Matthew Adelman.

9. The Chapter 7 Trustee has not requested any records from me personally nor has his financial advisor since the commencement of my case.

10. The Chapter 7 Trustee has not subpoenaed any records since the commencement of this case.

Case 2:18-bk-15829-NB    Doc 207    Filed 03/27/19    Entered 03/29/19 11:43:21    Desc
Main Document    Page 15 of 15

11.     My review of the extensive docket in the Fred Adelman case shows that 25 341 hearings occurred without the appearance of the debtor. Ultimately, Avery applied for an Order for a 2004 examination. Only upon Adelman failing to appear for the 2004 examination did Avery request the U.S. Marshals detain Adelman pursuant the 2005 provisions.

Dated this 24th day of March 2019 at Millsboro, DE.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information and belief.

By: _____

Philip James Layfield

PHILIP J. LAYFIELD'S
MOTION TO DISMISS PURSUANT TO SECTION 305
CASE NO.: 2:18-bk-15829-NB
PAGE 12