**WEILAND GOLDEN GOODRICH LLP**
Jeffrey I. Golden, State Bar No. 133040
jgolden@wgfllp.com
Beth E. Gaschen, State Bar No. 245894
bgaschen@wgllp.com
Ryan W. Beall, State Bar No. 313774
rbeall@wgllp.com
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone   714-966-1000
Facsimile   714-966-1002

Attorneys for Chapter 7 Trustee
Wesley H. Avery

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:18-bk-15829-NB |
| PHILIP JAMES LAYFIELD, | Chapter 7 |
| Debtor. | **OPPOSITION TO DEBTOR'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**DATE:** April 30, 2019<br>**TIME:** 11:00 a.m.<br>**PLACE:** Courtroom 1545<br>255 E. Temple Street<br>Los Angeles, California 90012 |

12213745.1                                        1                                        OPPOSITION

**TO THE HONORABLE NEIL W. BASON, UNITED STATES BANKRUPTCY JUDGE:**

Wesley H. Avery, the duly appointed and acting chapter 7 trustee ("Trustee") for the bankruptcy estate of Philip James Layfield ("Debtor") hereby submits this *Opposition* ("Opposition") *to Debtor's Motion to Dismiss* ("Motion"). In support of the Opposition, the Trustee submits the following memorandum of points and authorities and respectfully represents as follows:

## I. INTRODUCTION

Debtor moves for dismissal of the above-captioned bankruptcy case pursuant to 11 U.S.C. § 305(a)(1). Dismissal under § 305(a)(1) is a drastic remedy and should be invoked only when dismissal is in the best interest of the debtor *and* creditors. Dismissal of this case is not in the best interests of creditors, as has been explained and understood by this Court on several occasions. No party, other than the Debtor, believes that dismissal is in their best interests. Bankruptcy is not merely a tool for the Debtor to obtain a discharge or relief from his debts, and in particular, involuntary bankruptcies are often filed, as here, by creditors who worry that the proposed debtor will dissipate all of his assets. Thus, there is no question that this involuntary bankruptcy was filed for a proper purpose, and the Court agreed in granting an order for relief. The Debtor's refusal to provide information to the Court and Trustee is also not a proper reason for dismissing this case. An involuntary debtor cannot merely refuse to cooperate with the Court and Trustee and then proclaim that the bankruptcy is therefore filed for an improper purpose. The Court should deny the Motion as simply another failed attempt by the Debtor to avoid disclosing any information to the Court and Trustee and continue to dissipate assets in preparation for an adverse criminal judgment against him.

## II. STATEMENT OF FACTS

The facts in this case are fairly straightforward. On May 21, 2018, an involuntary petition under chapter 7 of the Bankruptcy Code was filed against the Debtor by (i) Wellgen Standard LLC ("Wellgen"), (ii) Richard M. Pachulski, Chapter 11 trustee of the

bankruptcy estate of Layfield & Barrett APC, and (iii) Alliance Legal Solutions LLC, as case no. 2:18-bk-15829-NB.

On May 23, 2018, Wellgen filed its *Motion for Order Appointing an Interim Trustee under 11 U.S.C. § 303(g)* by which Wellgen sought the appointment of an interim trustee under 11 U.S.C. § 701. The Court granted the motion and an order was entered on May 30, 2018. On June 8, 2018, the Trustee was appointed as interim trustee and is now the permanent trustee.

On December 12, 2018, the Order for Relief in an involuntary case was entered. On January 23, 2019, the Court issued an order approving the employment of Weiland Golden Goodrich LLP as special counsel for the Trustee.

On April 3, 2019, the Debtor appeared via telephone to a § 341 meeting and responded to all or nearly all questions by asserting his 5th Amendment right.

Debtor filed a motion to dismiss on October 1, 2018. Docket No. 48. The Court denied the motion by order entered December 12, 2018. Docket No. 157. Debtor filed this Motion on March 27, 2019. Docket No. 207.

**III.     ARGUMENT**

**A.     The Court Should Not Dismiss This Case Pursuant to 11 U.S.C. § 305**

Debtor requests that the Court dismiss this bankruptcy case pursuant to 11 U.S.C. § 305(a)(1). Section 305(a)(1) provides: "The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if—(1) the interests of creditors and the debtor would be better served by such dismissal or suspension." 11 U.S.C. 305(a)(1). Primarily, abstention (dismissal under § 305) is an extraordinary remedy that should be used sparingly and not as a substitute for a motion to dismiss under other sections of the bankruptcy code. 2 Collier on Bankruptcy, ¶ 305.02 (16th ed. 2018); *In re Compania de Alimentos Fargo, S.A.*, 376 B.R. 427, 434 (Bankr. S.D.N.Y. 2007). The moving party bears the burden to demonstrate that the interests of the debtor and its creditors would benefit from dismissal or suspension of

proceedings under § 305(a)(1). *In re RHTC Liquidating Co.*, 424 B.R. 714 (Bankr. W.D. P.A. 2010; *Gurley v. Mills (In re Gurley)*, 222 B.R. 124, 130 (Bankr. W.D.Tenn. 1998).

Courts have used various tests to determine whether abstention under § 305 is proper, however the primary question is laid out quite simply in the code section itself: is dismissal in the best interests of creditors and the debtor? *In re Eastman*, 188 B.R. 621, 624 (9th Cir. B.A.P. 1995) ("The courts that have construed § 305(a)(1) are in general agreement that abstention in a properly filed bankruptcy case is an extraordinary remedy, and that dismissal is appropriate under § 305(a)(1) only in the situation where the court finds that both 'creditors and the debtor' would be 'better served' by a dismissal.") Although the Debtor cites an out of circuit case to assert that there is a multi-test beyond the simple test outlined in the statute itself, the Trustee responds that the proper test is outlined fully in the statute itself.

### 1. Dismissal is not in the best interests of the creditors

The only party who wishes for dismissal of this case is the Debtor. This is not the Debtor's first motion to dismiss this case, and the Debtor fought against an order for relief being entered in this case. The Debtor has submitted no schedules with the Court, and, at the § 341 meeting, asserted his 5th Amendment right and refused to answer all or most questions asked by the Trustee. Debtor asserts that dismissal is warranted under § 305 for several reasons.

The existence of the criminal proceedings against the Debtor is not valid grounds for granting abstention under § 305(a)(1). An involuntary case was filed to stop the Debtor from dissipating assets and to put all unsecured creditors on an even playing field. Dismissal of the case for the sole purpose of allowing the criminal proceedings to conclude would only allow the Debtor the opportunity to further game the system by dissipating assets, while simultaneously putting some unsecured creditors ahead of others. Abstention is normally applicable when a few creditors are attempting to gain leverage by forcing a bankruptcy, and the debtor makes an attempt to figure out an out-of-court restructuring such that all creditors will be paid. Here, however, the Debtor requests

1 abstention so as to allow some creditors to obtain restitution pursuant to the criminal
2 proceedings against him. The best interests of the creditors, as a whole however, are best
3 served by the continued administration of this bankruptcy case. Furthermore, the burden
4 of proof is on the Debtor, and he has not shown adequate evidence that dismissal of this
5 case is in the best interests of the creditors.

### 2. The bankruptcy was filed for a proper purpose

Debtor argues that there is no true bankruptcy purpose since there is no possibility that he will obtain a discharge or a breathing spell from his creditors. However, Debtor ignores the purpose of involuntary bankruptcies that are not often filed for the benefit of the alleged debtor. Generally, involuntary bankruptcies are filed by creditors in cases of business mismanagement and in cases in which the potential debtor is transferring assets in anticipation of creditor lawsuits and/or proceedings because the involuntary filing can serve as a vehicle to prevent diminution of assets by an involuntary debtor and provide unsecured creditors with a more equitable treatment. *See* Richard Levin & Henry J. Sommer, 2 <u>Collier on Bankruptcy</u>. ¶ 303.01 (16th ed. 2018); Hon. Joan N. Feeney, Hon. Michael G. Williamson & Michael J. Stepan, Esq., <u>Bankruptcy Law Manual</u>, § 14.1 (5th ed. 2018). *In re Betteroads Asphalt, LLC*, 594 B.R. 516, 542 (Bankr. D.P.R. 2018). Here, petitioning creditors filed an involuntary case against the Debtor in part to protect against the Debtor dissipating assets. The Trustee has already began investigation into Debtor's assets and is properly tasked with obtaining assets and distributing them to creditors. This is a proper purpose for an involuntary case, and the Court entered an order for relief on December 12, 2018, as the involuntary bankruptcy was not filed for an improper purpose.

### 3. The multi-factor test cited by the Debtor does not favor dismissal

While the Trustee asserts that the primary test is merely whether dismissal favors both the creditors and the debtor, to the extent the Court is inclined to consider the out-of-circuit multi-factor test cited by the Debtor, the Trustee believes that each and every factor favors denying the Motion.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1213745.1         5         OPPOSITION

Debtor asserts that the multi-factor test weighs in favor of dismissal, despite only addressing some of the factors. However, (a) there is a proper bankruptcy purpose, that of not allowing the Debtor to dissipate assets and putting all unsecured creditors on an even playing field; (b) "state law proceedings" refers to an out of state workout that will result in creditors paid from the debtor's estate, not criminal proceedings that may result in judgments for only some creditors; (c) the bankruptcy court is at least as well suited to determine this matter considering the high likelihood that the Debtor will dissipate assets as soon as the bankruptcy case is dismissed; (d) without the bankruptcy case, there would be no efficiency of administration whatsoever, whereas the Trustee can work together with the federal prosecutors to make sure than any potential restitution stemming from the criminal proceeding is properly distributed to creditors; and (e) this is clearly not a two party dispute. In fact, none of the factors cited by the Debtor favor dismissal, and under these facts, abstention is not applicable. *In re Bellucci*, 119 B.R. 763, 772 (Bankr. E.D. Cal. 1990) ("Section 305 abstention is not attractive here because the overall bankruptcy case involves more than a simple two-party dispute."). As a result, Debtor has failed to prove that abstention is applicable here, let alone reach the high bar that is required by a moving party to prove to the Court that the "extraordinary remedy" of dismissal is appropriate.

### 4. Debtor's assertion of his 5th Amendment Right is not basis for abstention

The Debtor's reliance on his 5th Amendment right is misguided. The Trustee fully briefed this issue with respect to the Trustee's Motion to Compel Debtor to Attend § 341 Meeting, demonstrating that the 5th Amendment right is not one that can be wielded with reckless abandon. A Debtor who asserts his 5th Amendment right must demonstrate to the Court that it is proper to do so. The Debtor's contention that he will never participate or cooperate in the bankruptcy by refusing to provide any information to the Trustee and/or the Court by relying upon his 5th Amendment right is not well grounded in fact or law.

Certainly, the Debtor's mistaken reliance on the 5th Amendment is not a reason to grant abstention.

Any allegation that there is a conflict of interest of the Trustee is baseless and not supported by the facts.

**IV.  CONCLUSION**

The Trustee respectfully requests that the Court deny the Motion and for such other and further relief as the Court may deem just and proper.

Dated: April 16, 2019                    WEILAND GOLDEN GOODRICH LLP

By: */s/ Jeffrey I. Golden*
JEFFREY I. GOLDEN
Special Counsel for Chapter 7 Trustee,
Wesley H. Avery

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1213745.1                                         7                                      OPPOSITION

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**650 Town Center Drive, Suite 600**
**Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*): <u>Opposition to Debtor's Motion to Dismiss;
Memorandum of Points and Authorities in Support Thereof</u>
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>April 16, 2019</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) <u>April 16, 2019</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) <u>April 16, 2019</u>, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**VIA EMAIL**
Philip Layfield - phil@maximum.global

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 4/16/2019 | Victoria Rosales | *victoria* (signature) |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012 **F 9013-3.1.PROOF.SERVICE**

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Wesley H Avery (TR)    wes@averytrustee.com,
C117@ecfcbis.com;lucy@averytrustee.com;alexandria@averytrustee.com
Ryan W Beall    rbeall@lwgfllp.com, vrosales@wgllp.com;kadele@wgllp.com
Derrick F Coleman    derrick@colemanfrost.com, jennifer@colemanfrost.com;marissa@colemanfrost.com
Beth Gaschen    bgaschen@wgllp.com,
kadele@wgllp.com;vrosales@wgllp.com;cbmeeker@gmail.com;cyoshonis@wgllp.com
Jeffrey I Golden    jgolden@wgllp.com, kadele@wgllp.com;vrosales@lwgfllp.com;cbmeeker@gmail.com
Karen Goodman    legalstaff1@goodman-law.com
Yana G Henriks    yhenriks@law-mh.com, rmcmurray@law-mh.com;sridgill@law-mh.com;ashahinyan@law-mh.com;rmaldonado@law-mh.com;vtorosian@law-mh.com;lawclerk1@law-mh.com;asood@law-mh.com
James KT Hunter    jhunter@pszjlaw.com
Malhar S Pagay    mpagay@pszjlaw.com, mpagay@pszjlaw.com
Faye C Rasch    frasch@wgllp.com, kadele@wgllp.com;tziemann@wgllp.com
Damion Robinson    dr@agzlaw.com
Jeffrey L Sumpter    jsumpter@epiqtrustee.com, jsumpter@cbiz.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Dennis J Wickham    wickham@scmv.com, nazari@scmv.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**