

**FILED & ENTERED**

**SEP 12 2019**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** sumlin    **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br>Philip James Layfield,<br><br>Debtor(s) | Case No.:    2:18-bk-15829-NB<br>Chapter:    7<br><br>**MEMORIALIZATION OF TENTATIVE RULINGS**<br><br>Hearing Date:<br>Date:  September 10, 2019<br>Time:  2:00 p.m.<br>Place: Courtroom 1545<br>           255 E. Temple Street<br>           Los Angeles, CA 90012 |

    This Court's tentative rulings for the above captioned hearing are hereby memorialized as set forth in **Exhibit A**.  An identical Memorialization of Tentative Rulings is being filed in the related case, *In re Layfield & Barrett, APC,* Case No. 2:17-bk-19548-NB.

Date: September 12, 2019

_____
Neil W. Bason
United States Bankruptcy Judge

# EXHIBIT A

**Revised Tentative Ruling for 9/10/19**

<u>Appearances required</u>, except for in *Pachulski v. Young et al.*, Adv. Case No. 2:18-ap-01233-NB.

(1) <u>Current matters</u>

    (a) <u>Combined Status Conference</u>

This Status Conference involves two related bankruptcy cases and associated matters: (a) *In re Layfield & Barrett, APC,* Case No. 2:17-bk-19548-NB ("L&B"); (b) *In re Layfield,* Case No. 2:18-bk-15829-NB ("Lay-Invol."); (c) *Pachulski v. Young et al.*, Adv. Case No. 2:18-ap-01233-NB ("Preference Adv."); (d) *Pimentel v. Layfield et al.*, Adv. Case No. 2:19-ap-01069-NB ("Pimentel Adv."); (e) *Pachulski v. Layfield et al.*, Adv. Case. No. 2:19-ap-01071-NB ("Dischargeability Adv.")

On the individual motions discussed below, this Court anticipates issuing a written "Memorialization of Tentative Rulings" which can then be incorporated by reference into the orders on each motion, subject to any changes to the tentative rulings that this Court may make at the hearing.

    (b) <u>Mr. Layfield has not filed adequate proofs of service</u>

Mr. Layfield's papers lack adequate proofs of service. He apparently takes the position that this Court has excused him from serving papers and/or filling out proofs of service. He is wrong.

Mr. Layfield's position is reflected in his recent proofs of service (Lay-Invol. dkt.243 & 244, p.3, para.2) which assert that the "clerk [of this Court] shall issue NEF and <u>Debtor is not required to serve those parties on List to Receive NEF</u>," allegedly pursuant to "10/22/18 Docket #128 [sic]." (Emphasis added.) The referenced Docket #128 is irrelevant: it is a proof of service of a joinder in the involuntary petition. *See* L&B dkt.128.

Mr. Layfield apparently means to refer to this Court's "PDF Protocol" (Lay-Invol. dkt.88, adopted by Order at Lay-Invol.dkt.111, p.3:8-11 and L&B dkt.367). The PDF Protocol is a special accommodation to Mr. Layfield: as set forth in therein, he had (among other things) filed one motion that he estimated to be 3,500 to 4,000 pages long, and such voluminous papers were causing an undue burden and delays for all parties in interest and this Court's staff; but, rather than limit the number of pages that Mr. Layfield could file, this Court adopted the PDF Protocol.

The PDF Protocol requires Mr. Layfield (i) to file documents in PDF format on CDs and (ii) to serve "each person whom he is required to serve under the applicable rules or any orders of this Court" by mailing them such CDs with PDFs. Lay-Invol.dkt.88, p.5:3-14. Notwithstanding this special requirement (to serve CDs with PDFs via U.S. mail), Mr. Layfield is excused from <u>serving CDs</u> for those parties who are served via NEF. *Id.* But nothing excuses him from the requirements that he, like every other party, must <u>serve</u> everyone who is required to be served and <u>file a proof of service</u>, which must identify who was served via NEF.

These requirements are important. Among other things, not everyone is served via NEF, and even for those parties who are on NEF a proper proof of service is

required to <u>identify</u> those parties, including an explicit indication of how they are "related to the case or adversary proceeding."  LBR 9013-3(d); *and see* LBR 9001-1(39), 9013-1(e).  For example, if there were a hypothetical NEF email address of "xyz@randomemail.com" that would not identify who was served, so a proper proof of service should state something like: "John Doe, Esq., Attorney for Bank of the North Pole, at xyz@randomemail.com."  Otherwise parties in interest, and this Court, are not notified who was actually served.

There are numerous other problems with Mr. Layfield's service of papers.  Examples include failure to state what document was (allegedly) served, failure to have someone (not a party to the proceeding) sign the proof of service, and failure to serve persons who are required to be served.  These defects are addressed below if they appear sufficiently problematic to affect the outcome.

(c) <u>Mr. Layfield has failed to establish that he has standing and/or is the real party in interest</u>

This Bankruptcy Court has an independent duty to consider whether any person who seeks or opposes any relief has standing to do so.  This Court also must consider the closely related concept of whether such person is the real party in interest.  *See In re Veal*, 450 B.R. 897, 906-08 (9th Cir. BAP 2011).

Mr. Layfield has not established how he has standing and is the real party in interest in any of the matters on which he has filed papers.  In general a chapter 7 debtor is supplanted by a bankruptcy trustee who controls the bankruptcy estate, and such a debtor lacks standing, and is not the real party in interest, (a) to pursue any claims that used to belong to the debtor and now belong to his bankruptcy estate (*i.e.,* any claims that Mr. Layfield might have had against the L&B chapter 11 estate generally belong to his chapter 7 bankruptcy estate, and are controlled by the Lay-Invol Trustee, not by Mr. Layfield), (b) to object to creditors' claims, (c) to seek removal of a chapter 7 or chapter 11 trustee, or (d) to request any similar relief in the chapter 7 or chapter 11 cases.

In common sense terms, how a chapter 7 bankruptcy estate is administered and divided among creditors is a matter of concern to creditors, not a chapter 7 debtor.  There is an exception if, for example, the chapter 7 debtor provides evidence of the likely solvency of the bankruptcy estate, because then the allowance or disallowance of claims might actually affect the debtor.  But Mr. Layfield's motion papers provide no evidence that the estate is solvent or any other relevant facts.  Accordingly the tentative ruling is that he has forfeited any such arguments.

Alternatively, even if this Court did not start with the usual rule that a chapter 7 debtor generally lacks standing, the tentative ruling is that there is *prima facie* evidence in the record of these particular cases that Mr. Layfield lacks standing and is not the real party in interest.  Mr. Layfield has not rebutted that evidence.

To be clear, this Court is not ruling that it would be <u>impossible</u> for Mr. Layfield to establish that he has standing and is the real party in interest.  Perhaps he could have done so.  The point is only that, on the present record, he appears to lack standing and not be the real party in interest, and he has failed to show otherwise.

Alternatively, this Court is addressing the merits as set forth below.

    (d) Mr. Layfield's motion to compel (L&B dkt. 443), Chapter 11 Trustee's opposition (L&B dkt. 452), and Mr. Layfield's Reply (L&B dkt. 453, filed 9/9/19 at 3:17 p.m.)

    (i) Striking the motion is an appropriate remedy for Mr. Layfield's use of these proceedings for improper purposes

    The tentative ruling is to strike the motion to compel for the reasons stated in the Chapter 11 Trustee's opposition. *See* L&B dkt.452, pp.6:17-7:24. Specifically, the tentative findings of fact are that Mr. Layfield, as a (former) attorney with years of experience, is well aware of the need to file motion papers with evidence and citations to appropriate authority; in addition and alternatively he has been warned repeatedly by this Court of the need to do so; and on the present record the tentative ruling is that this Court must find that his continued failure to do so is for the improper purpose of attempting to harass the L&B Trustee and needlessly increase the cost of litigation, and that the appropriate remedy is to strike his motion.

    Likewise, the tentative ruling is that even if the motion is not struck the reply must be struck because it cites no authority or evidence and was filed so late.

    (ii) Alternatively, the motion was not properly served

    The tentative ruling is that Mr. Layfield was required to serve "all creditors" and other parties in interest with his motion, pursuant to Rule 2002(a)(2) (Fed. R. Bankr. P.). In seeking to compel the L&B Trustee to expend estate resources to attempt to reconstruct L&B records and file tax returns or do other acts, contrary to the business judgment of the L&B Trustee, Mr. Layfield is proposing a extraordinary "use" of property of the bankruptcy estate within the meaning of that rule.

    Alternatively, the tentative ruling is that under Rule 9007 and 9013(b), all creditors and parties in interest must be served. In addition, basic notions of due process require that all creditors and parties in interest be informed of a request for an order compelling the bankruptcy estate to use resources (potentially very substantial resources) to perform acts that might be of little or no benefit to the estate and creditors, and might even be a detriment (by wedding the estate to a position as to historical facts that might not be true).

    In addition, Mr. Layfield's proof of service is inadequate for the reasons noted in part "(1)(b)" of this tentative ruling.

    For all of these reasons, the tentative ruling is that all creditors and parties in interest should have been served and that there is no proof of any such service. That is an alternative basis on which the motion must be denied.

    (iii) Alternatively, Mr. Layfield has not established that he has standing or is the real party in interest

    Mr. Layfield's last-minute Reply (L&B dkt. 453) fails to address the L&B Trustee's argument (L&B dkt.452, p.8:1-17) that he lacks standing. The tentative ruling is that he has forfeited any contrary argument.

    Alternatively, even if contrary arguments are not forfeited, the tentative ruling is that, on the present record, there is *prima facie* evidence that Mr. Layfield lacks standing and is not the real party in interest, and Mr. Layfield has not rebutted that evidence. Of course, this Court recognizes that failure to file tax returns or other documents can give rise to penalties or other liabilities. But whatever tax returns were or were not filed during Mr. Layfield's tenure with L&B are matters of historical fact. He

has not shown how the <u>trustees'</u> non-filing or delayed filing of tax returns (or any other acts that he seeks) would affect him in any way that would give him standing.

    (iv) <u>Alternatively, the motion must be denied on the merits</u>

  The tentative ruling is that it is appropriate for this Court to defer to the L&B Trustee's reasonable business judgment as to whether and how to attempt to reconstruct L&B's records, when and how to prepare and file tax returns, and other matters. The Trustee's opposition papers set forth more than adequate grounds for his exercise of that business judgment. *See* L&B dkt.452, pp.8:17-10:5. *See generally In re Pomona Valley Med. Group, Inc.,* 476 F.3d 665, 670 (9th Cir. 2006) ("courts are no more equipped to make subjective business decisions for insolvent business than they are for solvent businesses, so we have no difficulty concluding that its formulation in corporate litigation is also appropriate here") (citation omitted).

  *Proposed order:* The L&B Trustee is directed to lodge a proposed order via LOU within 7 days after the hearing date. *See* LBR 9021-1(b)(1)(B).

  (e) <u>*Pachulski v. Young et al.*, Adv. Case No. 2:18-ap-01233-NB ("Preference Adv."), status conference</u>

  Continue to 12/10/19 at 2:00 p.m., at the parties' request (adv. dkt. 29), with a *brief* status report due 11/26/19.

  (f) <u>Mr. Layfield's motion for relief from automatic stay ("R/S Motion," Lay-Invol dkt. 222), the opposition papers filed by Wellgen Standard, LLC ("Wellgen") (Lay-Invol dkt. 248) and the Chapter 7 Trustee (Lay-Invol dkt. 249), and Mr. Layfield's reply (Lay-Invol dkt.259, filed 9/9/19 at 3:05 p.m.)</u>

    (i) <u>Striking the motion is an appropriate remedy for Mr. Layfield's use of these proceedings for improper purposes</u>

  Wellgen requests that this Court sanction Mr. Layfield by awarding attorney fees. *See* Lay-Invol dkt.248, p.5:5-15. A request for an award of attorney fees must be made by separate motion, at least if it is made pursuant to Rule 9011 (Fed. R. Bankr. P.). *See generally* Sanctions Table of Judge Bason, available at www.cacb.uscourts.gov under "Judges"/"Bason"/"Instructions" (the "<u>Sanctions Table</u>"). Nor has Wellgen set forth the precise legal basis, under Rule 9011 or any other grounds, for such an award.

  Nevertheless, Wellgen's objection to Mr. Layfield's abusive tactics is well taken, and as set forth in part "(1)(d)(i)" of this tentative ruling, this Court has previously warned Mr. Layfield that he must file proper papers or he may be subject to consequences. As set forth above, the tentative findings of fact are that Mr. Layfield is using these proceedings for improper purposes, and the tentative ruling is that it is appropriate to strike the R/S Motion. Alternatively, it is appropriate to strike Mr. Layfield's last minute reply.

    (ii) <u>Alternatively, Mr. Layfield lacks standing</u>

  The tentative ruling is that, as set forth in the opposition papers, Mr. Layfield, as the debtor in an apparently insolvent chapter 7 estate, lacks standing to seek the relief in the R/S Motion. Lay-Invol dkt.248 at pp.2:26-4:3, dkt. 249 at pp.2:18-3:3. In addition, the tentative ruling is that Mr. Layfield is not the real party in interest: the Lay-Invol Trustee is.

    (iii) <u>Alternatively, service is defective</u>

Mr. Layfield's proof of service (Lay-Invol dkt.243, p.3) is defective for the reasons noted in part "(1)(b)" of this tentative ruling.

(iv) <u>Alternatively, the R/S Motion must be denied on the merits</u>

As Wellgen points out, this Court has already ruled that, regardless whether Mr. Layfield was or was not properly served, Wellgen's claim against him is not subject to any *bona fide* dispute.  *See* Lay-Invol dkt.162 (incorporating dkt.149 by reference), dkt.248 p.2:18-25.  The Lay-Invol Chapter 7 Trustee agrees.  *See* Lay-Invol dkt. 249.

(g) <u>Mr. Layfield's motion for entry of an order finding the IRS in willful violation of the automatic stay (dkt. 239), Chapter 7 Trustee's opposition (dkt. 252)</u>

(i) <u>The motion must be denied for lack of proper service on the IRS</u>

There is no proof of service evidencing service on the IRS at the address required by the Court's manual, available at cacb.uscourts.gov, Appendix D Section 2.1.  The tentative ruling is to deny the motion on that ground.

To the extent that the motion seeks discovery, the tentative ruling is that without service on the IRS it is inappropriate to address that issue.

(ii) <u>Alternatively, the tentative ruling is that the motion should be stricken because it is being used for improper purposes</u>

Mr. Layfield asserts that the IRS has violated the automatic stay, but he cites very little legal authority and the only evidence to support Debtor's various factual allegations is one (inadequate) exhibit.  That prejudices anyone who seeks to understand whether to support or oppose the motion, and it is particularly prejudicial to the IRS or anyone else who might seek to oppose the motion, because any such party must research and set forth all the legal standards that Mr. Layfield should have addressed, before addressing why those standards have or have not been met.

In other words, the IRS has to do the research that Mr. Layfield should have done to set forth the legal standards, then the IRS has to surmise what evidence Mr. Layfield might present to meet each element of his claims, and then the IRS has to present contrary arguments and evidence.  That is using the motion to harass the IRS and to needlessly increase the costs of litigation for other parties.

(iii) <u>Alternatively, on the merits, the motion must be denied</u>

One of the essential elements for any claim for violation of the automatic stay is that there must be actual knowledge of the bankruptcy case.  *See generally* Sanctions Table.  It appears from the record before this Court that Debtor never complied with his obligation to file a creditor matrix, nor is there any other evidence of which this Court is aware that the IRS has had notice of this bankruptcy case.

As to the request for an order directing discovery, Mr. Layfield fails to cite any legal authority or any evidence to support his request.  Nor has he explained how any non-filing of tax returns violates the automatic stay or any other statute or legal duty.

*Proposed order:* The Chapter 7 Trustee is directed to lodge a proposed order via LOU within 7 days after the hearing date.  *See* LBR 9021-1(b)(1)(B).

(h) <u>Mr. Layfield's motion to disqualify Chapter 7 Trustee (Lay-Invol dkt. 241), Chapter 7 Trustee's opposition (Lay-Invol dkt. 251), creditor Mr. Rodney Pimentel's joinder (Lay-Invol dkt. 253), and Mr. Layfield's reply (Lay-Invol dkt.260)</u>

Deny for lack of service on all creditors and parties in interest; for lack of standing/real party in interest; for the reasons stated in the opposition papers; and for the reasons stated in this Court's ruling on Mr. Layfield's prior Motion to Dismiss (Lay-Invol dkt. 207), reproduced below, and modified as shown in brackets:

> ... regarding Mr. Layfield's allegations about some sort of perceived conflict involving the Chapter 7 Trustee, his arguments are difficult to follow and both procedurally and substantively deficient.  This Court has already rejected Mr. Layfield's challenges to the appointment of the Trustee.  *See* [Lay-Invol] dkt. 149, 183.  To the extent that Mr. Layfield raises new allegations, there is no explanation why they were not raised before; there is no citation to the standards for reconsideration (*e.g.,* under Rule 9024, Fed.R.Bankr.P.) nor any attempt to meet those standards; and his vague allegations are conclusory statements of opinion and legal conclusions without supporting facts.  *See* [Lay-Invol] dkt. 207, p.4:11-18 & pp.11:21-12:5 (referencing *In re Adelman,* Case No. 2:15-bk-15952-RK).  [*See also* Lay-Invol dkt. 241 at PDF pp.5:23-6:12 & pp.11:19-12:6 (referencing *In re Adelman*)]. In addition, this Court has reviewed the docket in the *Adelman* bankruptcy case, including the bankruptcy schedules (*id.* dkt.84), and is unable to discern any disqualifying facts.  *See* 11 U.S.C. 327(c)(attorney's representation of creditor does not by itself disqualify such person from representing trustee).

*Proposed order:* The Chapter 7 Trustee is directed to lodge a proposed order via LOU within 7 days after the hearing date.  *See* LBR 9021-1(b)(1)(B)

(i) <u>Debtor's omnibus motion to stay bankruptcy proceeding and all related adversary proceedings (dkt. 224), and Chapter 7 Trustee's opposition (dkt. 250)</u>

Deny for lack of service on all creditors and parties in interest, based on the same analysis stated above; and for the reasons stated in the opposition papers.

*Proposed order:* The Chapter 7 Trustee is directed to lodge a proposed order via LOU within 7 days after the hearing date.  *See* LBR 9021-1(b)(1)(B)

(j) <u>*Pimentel v. Layfield et al.*, Adv. Case No. 2:19-ap-01069-NB: Mr. Layfield's motion to dismiss first amended complaint (adv. dkt. 26), Plaintiff's opposition (adv. dkt. 28), and Mr. Layfield's reply (adv.dkt.29)</u>

This Court has not prepared a tentative ruling on this matter.

(k) <u>*Pachulski v. Layfield et al.*, Adv. Case. No. 2:19-ap-01071-NB: Mr. Layfield's motion for judgment on the pleadings (adv. dkt. 6), opposition (adv.dkt.8), and Mr. Layfield's reply (adv.dkt.10)</u>

This Court has not prepared a tentative ruling on this matter.

(2) <u>Deadlines/dates</u>.  The L&B case was filed as an involuntary chapter 7 on 8/3/17 and converted to chapter 11 on 8/11/17 (L&B dkt. 25).  The Lay-Invol case was filed as an involuntary chapter 7 case on 5/21/18 and an order for relief was entered on 12/12/18 (Lay-Invol dkt. 160, 161).

(a) <u>L&B Bar date</u>:  2/5/18 (timely served, L&B dkt. 133, 157)

      (b) <u>Lay-Invol Bar date</u>: 4/12/19 (timely served, Lay-Invol dkt.180)
      (c) <u>L&B Plan/Disclosure Statement*</u>: TBD.  Do not file or serve until further order of this court.
      (d) <u>Continued status conferences (L&B and Lay-Invol)</u>: continue to 10/15/19 at 2:00 p.m., with a *brief* status report due 10/8/19.
*<u>Warning</u>: special procedures apply (*see* order setting initial status conference).

**Tentative Ruling for 9/10/19**
This Court anticipates posting a tentative ruling at a later time.

###